SANDS *v.* WOOD.

1   263
d112  640

Under the Code, the different causes of action embraced in one petition, must be stated in different counts.

There is nothing in the Code, which countenances the *mingling* of separate causes of action in one and the same count.

Where in an action against two defendants, the petition contained but a single count, and claimed a foreclosure of a mortgage against one defendant, who was payee of the note described in the mortgage, and a judgment against the other defendant, as indorser of the note ; *Held*, that there was a misjoinder of parties.

It is the professed and settled practice of the Supreme Court, not to search for error, but to adjudicate those questions only which are presented.

Under the act of Jan. 24, 1853, entitled " An act relating to evidence," it is not necessary to prove the assignment of a note, unless the assignment is specifically denied by the defendant, under oath.

Where a bill of exceptions referred to a paper as, "the mortgage on file," and it appeared that the suit was brought upon a mortgage, a copy of which was attached to the petition ; *Held*, that the mortgage was sufficiently identified by the bill of exceptions.

Where suit was brought against the indorser of a promissory note, indorsed as follows : "I assign the within note to Mrs. Sarah Coffin ;" *Held*, that the indorser could not be allowed to show by parol testimony, that he sold the note without recourse, and that, at the time of the transfer, it was expressly agreed that the indorsee took the note at his own risk.

*Appeal from the Wapello District Court.*

THIS suit was commenced by the plaintiff, on the 7th day of March, 1853, against Wood and one Joseph Thompson. The petition reads as follows : " To the District Court of Wapello county. Your petitioner, David Sands, claims of the defendants, Joseph Thompson and Andrew D. Wood, the sum of two hundred and sixty-six dollars and fifty-one cents, which he alleges to be due him from the said defendants. And for cause of such claim states, that Joseph Thompson, one of the said defendants, executed a promissory note to the said Andrew D. Wood, dated January 14th, 1851, for the sum of two hundred and sixty dollars, payable as follows, to wit : fifteen dollars to be paid on the 15th day of

July, 1851 ; and fifteen dollars to be paid on the 15th day of January, 1852 ; and fifteen dollars to be paid on the 15th day of July, 1852 ; and two hundred and fifteen dollars to be paid on the 14th day of January, 1853. Your petitioner further states, that for the purpose of securing the above sums of money, the said Joseph Thompson did, at the time and place when and where the above-described promissory note was executed, to wit : on the 14th day of January, 1851, make, execute, and deliver to the said Andrew D. Wood, a mortgage, conditioned for the payment of said sums of money, according to the tenor and effect of said promissory note, by which said mortgage, the said Joseph Thompson, mortgaged to the said Andrew D. Wood, in fee, the west half of the southwest quarter of the northwest quarter of section 29, and the southeast quarter of the northeast of section 30, in township seventy-two, north of range fifteen west. Petitioner further states, that afterwards, to wit : on the 31st of October, 1851, the said Andrew D. Wood, in-dorsed the said promissory note to one Sarah Coffin ; and that the said Sarah Coffin, afterwards, to wit : on the 13th day of November, 1851, indorsed the same to petitioner—which said promissory note and mortgage, by the means and in the manner aforesaid, have now become the property of your petitioner. Petitioner further states that the amount above claimed is still due thereon. He therefore asks judg-ment for that amount, with interest and costs, against the said defendants, and an order or decree of this court, au-thorizing a sale of the above-described premises." Append-ed to the petition, are copies of the note, the mortgage, and the indorsements. The indorsements on the back of the note, read as follows : "I assign the within note to Mrs. Sarah Coffin. October 31, 1851, A. D. Wood "—"For value received, I assign the within note, 12th Nov. 1851, Sarah Coffin." The mortgage was transferred to the plaintiff by the defendant, Wood.

At the April term of the said District Court, the defendant Thompson failing to appear, judgment was rendered against him by default, for the amount due on the note, and a de-

cree of foreclosure under the mortgage. Wood filed his an-
swer, admitting the assignment of the note, and alleging
substantially, that at the time of the assignment of the note,
it was the express understanding between the said defendant
and the agent of Sarah Coffin, that she was to take the mort-
gage as full security for the payment of the money due on
said note; that she was not to look to this defendant, in any
event, for the payment of said money; and that there was a
similar understanding between the plaintiff and the agent of
said Sarah Coffin, in relation to the liability of this defendant,
at the time of the transfer of the note and mortgage to the
plaintiff. This answer is sworn to, and calls upon the plain-
tiff, to reply under oath. The cause was then continued.
At the January term, 1854, a demurrer to the answer of the
defendant was sustained. The cause was then submitted to
the court. On the trial, as appears from the bill of excep-
tions, the plaintiff introduced in evidence, the note and in-
dorsements, and mortgage, described in the petition, and
rested. The defendant then offered in evidence the mort-
gage on file, and offered to prove by oral testimony, the de-
fence set up in his answer, as above stated, which testimony
was objected to, and excluded by the court. Judgment was,
thereupon, rendered against the defendant, and he appeals
to this court. The errors assigned, will be found stated in
the opinion of the court.

*H. B. Hendershott*, for appellant.

*Knapp & Caldwell*, for appellee.

WOODWARD, J.(1)—It is not easy to determine whether
the petition in this case, is at law or in chancery. It seems
to be an amalgamation of a petition at law on a promissory
note, and in chancery, to foreclose a mortgage, given to se-
cure the payment of the note. While the Code intends to

---

(1) WRIGHT, C. J., having been of counsel, took no part in the decision of
this cause.

produce facility in the practice, and permits the union of several causes of action in the same petition (§ 1751), it does not intend to favor confusion. Before the adoption of the Code, several causes of action (within certain limits) might be united in the same declaration, *but* they must be stated in different counts. So, under the Code, the different causes of action, embraced in one petition, should be stated in separate counts. There is no other way in which the different issues can be distinctly made, and the trial proceed clearly, upon the separate questions raised. There is nothing in the Code, which countenances the mingling of separate causes of action in one and the same count. We will look at this petition, in two or three points of view.

As a petition to foreclose a mortgage, there is, of course, no objection to its referring to, and showing the note. But there probably is an objection to seeking to recover on the note, and on the mortgage, at the same time, if it is meant to ask a judgment at law on the note, and also a decree of foreclosure. It would not be supposed that this was the intent, if Thompson alone were made defendant. But Wood is made defendant, also. Now, Thompson is liable on both note and mortgage, and Wood is liable on the note, only. And there is a prayer for judgment for the amount due on the note, and for a foreclosure of the mortgage. This state of the case, leads irresistibly to the conclusion, that the petitioner seeks both a decree of foreclosure against Thompson, the mortgagor, and a judgment on the note, against him and Wood. This drives us into two difficulties: 1. Two causes of action are united in one count; 2. One of the defendants is not liable on both of those causes, so that, in respect to one of them, there is a misjoinder of parties. An action against both on the note, would be correct; but a bill to foreclose should be against Thompson alone. The question, then, is, how shall this court treat the case, the defendant having taken no exception to this state of things? The errors assigned are these only:

*First.* The District Court erred in rendering judgment in favor of Sands, without proof of the use of due diligence in

Sands v. Wood.

the institution and prosecution of a suit against the maker of the note and mortgagor, and without proof of the assignment of the note to plaintiff.

*Second.* The District Court erred in excluding the oral testimony of the witness Coffin, and the deposition of the deponent, James Hall.

It is the professed and settled practice of this court, not to search for errors, but to adjudicate those questions only which are presented. Yet, sometimes, in the examination of a question which is presented, the court cannot help noticing others. Such is the case here. Is it the duty of the court, then, to send the cause off upon errors of their own finding, or to decide upon the errors of which the defendant complains? When it can be done without injustice, it seems the better course to decide the cause upon the questions presented; yet the court has preferred to notice the above matters, lest this mode of practice should seem to receive a silent sanction.

Thompson gave the note and mortgage to Wood; Wood indorsed the note to Sarah Coffin, and she to Sands, the plaintiff; and then Wood made a written assignment of the mortgage to Sands. Sands sues Thompson and Wood. One error contained in the first assignment is, that the court rendered judgment in favor of the plaintiff, without his proving the assignments of the note. The papers do not show that this was made a point below, nor is there any exception taken to it. But setting this aside, it is not perceived why the objection is not covered by the statute of 1853, 187.

The second matter of error, alleged to be contained in this assignment is, that judgment was rendered without proof of the use of due diligence in the prosecution of a suit against the maker, Thompson. And defendant's argument shows that he embraces in this, the assumed fact, that plaintiff had not shown a demand and notice, on the indorser. It was at this part of the case, that we thought we might have misconceived the case, to the defendant's disadvantage; and, therefore, a rehearing was ordered. Among the many difficulties in the case, we find that in April, 1853, a decree of

foreclosure was rendered against Thompson, and the cause continued as to Wood. At the next term, Wood filed a supplemental answer, and the cause was continued, on his motion. On the 25th of January, 1854, a demurrer to this answer was sustained, and on the 27th of the same month, judgment was entered against him for the balance due, after the sale of the mortgaged premises. At the following September term, 1854, the cause was continued, and at the January term, 1855, judgment was again rendered against Wood for the said balance. Yet the record shows *nothing* as to how the first judgment was disposed of. Following this second judgment, is a bill of exceptions, commencing as follows: "Be it remembered, that on the trial of this cause, the plaintiff introduced in evidence, the note and indorsements described in the petition and mortgage, and rested. The defendant introduced the mortgage on file, and the witness Coffin, and offered to prove orally," &c., then proceeding to state the matter which is commented on under the second assignment of error; and this is the whole drift of the bill of exceptions—that is, the refusal to receive the parol evidence. Now, although we may have erred in the detail of our former opinion, still we cannot help the appellant. His bill of exceptions does not show that the plaintiff did not prove demand and notice, or due diligence, instead thereof. It nowhere appears that the plaintiff offered in evidence *only* the note and mortgage, and no other testimony. The bill of exceptions taken after the *first* judgment, does this tolerably fairly; but the second one, which is the one before us, does not. It stands solely upon the refusal to admit the parol testimony.

Finally, on this part of the case, the defendant urges that he can take exception in this court, for the first time, to the sufficiency of the declaration, in not alleging demand and notice. It is true that this lies in the record, and generally error may be assigned upon the record, without a bill of exceptions. But the misfortune of the defendant is, *that he has not assigned any such error*, but has placed his cause upon other grounds. We find it impossible to help him,

without violating the plainest rules. The case is full of erroneous matter, but he has taken advantage of none of it, and we cannot reach it, without his aid.

The second assignment of error claims, that there was error in rejecting the testimony of Coffin, and the deposition of Hall. This assignment is supported by the bill of exceptions. The bill says, "the defendant introduced *the mortgage on file*, and the witness, Coffin," &c. The plaintiff objects that this reference to the mortgage, is not sufficient in a bill of exceptions, and does not properly identify it; and that the assignment of error, so far as it relates to this mortgage, ought to be disregarded. He claims that a paper, so referred to, ought to be *incorporated into the bill.* We have had occasion, at this term, to say much in relation to the proper manner of bringing up papers, and their identification, in the cases of *Claggett* v. *Gray, ante,* 19; *Mays* v. *Deaver, ante,* 216; *McCrary* v. *Crandall, ante,* 117; and *Claussen, guardian* v. *La Franz, ante,* 226. We have not yet held, however, that a paper *must be incorporated* into a bill; but we have held, that, if not so incorporated, the paper must be identified with clearness and certainty. There has been very great looseness upon this point of practice, and it is the source of much embarrassment to the courts, and detriment to parties.

But how stands the paper in question? When suit is brought upon a written instrument, the law requires the instrument, or a copy of it, to be attached to the petition. In this case, the petition is manifestly based upon a mortgage, a copy of which is annexed, and which thus becomes part of the petition. The reference in the bill of exceptions, "the mortgage on file," although rather loose, and not well defined, is sufficient to justify the court in looking at that instrument, *it being part of the pleading.* For any other state of things, such a reference would hardly answer. And if the defendant does not mean *that* paper, he will see the insufficiency of his reference.

The defendant wished to prove, by the witness, Coffin, and the deposition of Hall, that Wood sold the note and mortgage to Sarah Coffin, without recourse to him; that it was

expressly agreed, that she was to take the note and mortgage as her only security, and at her own risk; that Sands took them with full notice of such agreement; and that Sands' own attorney, advised the manner of the indorsement, so as to avoid any liability on the part of Wood. The effect of the evidence here offered, is to entirely change, or rather to negative, the contract of the indorser, as made in writing on the note. The indorsement places him under the common law liability of an indorser. The testimony offered would take this all away. It could not be admitted, without violating a plain and necessary rule of law. The mortgage does not provide (as held by defendant), that the land, and that alone, is to be taken in full payment of the debt. If the mortgagee, or his assignees, should take possession under the terms of the mortgage, the mortgagor could still maintain a bill to redeem. But, if the mortgage does provide, as claimed, then there was no need of the testimony offered, and probably it would not be admissible, upon the same ground, that the contract is in writing. It seems to the court sufficient to refer to the multitude of authorities against contradicting, or changing a written contract, by parol evidence. But the defendant argues, that the proposed testimony, does not contradict the written contract of indorsement. We can conceive no case, in which parol testimony could do so more plainly. There is no ambiguity to be explained; but the defendant wishes to show, that a contract was made different from that expressed by the writings. To sustain his position, he cites *Williams* v. *Crary*, 8 Cowen, 246. This was a case of a will and a bequest, and the court says: "The question then arises, for what purpose was this bequest made? Evidence to show the interest of the testatrix, is not objectionable, on the ground of varying or contradicting any of the provisions of the will. Such evidence goes to explanations independent of the will, respecting a state of facts, about which it is silent." This quotation shows the inapplicability of the case. The defendant also cites, *King* v. *Laindon*, 8 T. R. 379. That part of the marginal abstract of the case, which says: " Parol evidence may be

received to explain a written contract," is not law, *so stated.* Nor does the case support it. There must, generally, at least, be some ambiguity to admit parol evidence. The language of LAWRENCE, J., explains the position of the case; he says the evidence was not offered to contradict the written agreement, "but to ascertain a fact collateral to the written instrument, in order to explain the intention of the parties, the instrument being in some measure equivocal." The case before us is very different from this, and is very clear. If there is hardship, or bad faith, in the transaction, the court does not know it, and cannot remedy it. It would seem as though the rule of law on this subject, had been settled long enough, to enable men of business, to become acquainted with, and conform to it. We cannot undertake to determine, whether the plaintiff may not render himself liable for a violation of his parol contract, but confine ourselves to the case before us. The judgment is therefore affirmed.