## COUSINS v. WESTCOTT.

15 253
101 736

1. INSTRUCTIONS AND EXCEPTIONS. A general exception to the instruction in chief, and an assignment of errors upon specific instructions embraced therein, raises no question for review by the Supreme Court. (*Davenport Gas Light and Coke Company* v. *The City of Davenport*, 13 Iowa, 229.)

2. DUPLICATE INSTRUCTIONS. The District Court is not required to give, at the request of either party, in the trial of a cause, instructions which have already been presented to the jury.

3. INSTRUCTION AND EVIDENCE. Instruction based upon evidence will not be reviewed by the Supreme Court where the evidence is not set out in the record.

4. BILL OF EXCEPTIONS. A bill of exception, which does not state the questions passed upon by the Court below in a definite manner, raises no question for the consideration of the appellate court.

5. PAROL EVIDENCES AND WRITTEN ACCOUNT. Parol evidence is admissible to show the purpose for which an assignment of an account was made.

*Appeal from Monroe District Court.*

FRIDAY, OCTOBER 16.

ACTION on an account. The facts necessary to an understanding of the question decided are stated in the opinion of the Court.

*T. B. Perry* for the appellant.

*C. C. Nourse* and *J. W. Robb* for the appellee.

WRIGHT, J.—Appellant assigns eight distinct errors, and insists that we shall pass upon each. To do this, we should at least have a record that could be understood. Than the one before us, we doubt whether a more confused transcript was ever presented to any court. In some parts it is illegible, and as a whole it fails to develop in any, much less a proper form, such facts or state of case as would justify us in passing upon the questions attempted to be raised. If we are to have frequent repetitions of so dire an infliction, a resort to printed transcripts will soon become a positive necessity. If we supposed that there was any fair ground for concluding that appellant had been prejudiced, we should continue the case for a new transcript at his expense; but as this is not to our minds in the least probable, we shall dispose of it in its present form.

I. There are ten pages of instructions in chief. To three-fourths of these, at least, there is no conceivable objection.

They were excepted to as a whole, and errors are now assigned upon specific parts. This method of excepting presents no question for review. *Davenport Gas Light and Coke Company* v. *The City of Davenport*, 13 Iowa, 229.

II. Defendant asked eleven instructions, some of which were given in the charge of the Court, and hence properly refused. Others are based upon a supposed state of testimony, not apparent from the record. Others again are in part correct, but so connected with the assertion of a fact, or a hypothetical view of the testimony, that we cannot say they should have been given.

III. It seems that "defendant sought to make plaintiff liable individually as a debtor, on the first account assigned in exhibit A, in the answer to which plaintiff objected, * * * and the objection was sustained." How this was sought to be done, or how far defendant succeeded in establishing his position, when the Court sustained plaintiff's objection, does not appear. This method of stating a question in a bill of exceptions presents no question for our review.

IV. Plaintiff, defendant and one Fitch were partners in raising grass and grass seed, in 1858. In July defendant sold his interest to Fitch, and in August plaintiff sold out to defendant. During the time covered by these several partnerships, it seems that plaintiff made several advances, as did the other partners, of all which a memorandum was kept, and when he sold to defendant, the account was drawn off and assigned thus: "I assign all my interest to Riley Westcott in the above accounts." Defendant claimed upon this account as a set-off. On the trial plaintiff proved that this account was thus assigned as a means of transferring his interest in the firm, and to enable defendant to settle with the other partner. To this defendant objected, upon the ground that parol proof, to explain such account and assignment, was not admissible. The objection was

overruled, and this ruling is assigned as error. There is no suggestion of fraud or failure of consideration as to any of the items of said account; nor is it intimated that the advances were not made by plaintiff. The only question is, whether the assignment itself is the conclusive and sole test of plaintiff's liability — whether the testimony offered was liable to the objection that it contradicted a written contract. And thus viewed, we are satisfied that the Court did not err.

Affirmed.