HARRISON v. McKIM.

### I. Per CURIAM.

1. Promissory note: FULL INDORSEMENT. The legal effect of an indorsement written in full upon a promissory note cannot be changed by parol evidence.

### II. Per COLE, LOWE and DILLON, JJ.; WRIGHT, Ch. J., dissenting.

2. —— BLANK INDORSEMENT. In an action by the indorsee against the indorser of a promissory note, on an indorsement made in blank, it is competent for the defendant to show by parol evidence the actual contract or agreement pursuant to which such indorsement was made.

3. —— On such a trial the defendant may show by parol that the plaintiff took the note thus indorsed without recourse.

*Appeal from Clinton District Court.*

THURSDAY, JUNE 8.

HOLSAPLE made his note to McKim or order, which the payee indorsed to plaintiff *in blank.* Under the issues and testimony the court submitted to the jury this interrogatory: "Does the evidence satisfy you, and do you find that Harrison took the note of McKim, *without recourse* on McKim, and with an express understanding that he was to look for payment solely and exclusively to the maker?" This inquiry was answered in the affirmative. A motion for a new trial was made and overruled; judgment accordingly, and plaintiff appeals.

*Ellis Bros.* and *Wheeler* for the appellant.

*Cook* and *Drury* for the appellee.

WRIGHT, Ch. J. — The question here presented, though much discussed in other courts, is a new one for this State. The indorsement was by the payee *in blank;* never was filled up; and now the inquiry is, whether it was competent for the indorser to show, by parol, the true nature of the contract, as that there was to be no recourse on him; or, in other words, whether the rule which forbids the admission of parol proof to alter or change written instruments, applies to contracts raised by operation of law, such as that which the law implies in respect to the indorsement in this manner of a negotiable promissory note.

We have said that the question is a new one in this State. And this is true, though counsel refer to some cases which, they insist, are analogous, if not directly applicable. Of these, *Sands* v. *Woods,* 1 Iowa, 263, is the leading one. There, however, the indorsement was in

*[margin notes: 1. PROMISSORY NOTE: full indorsement. 2. —— blank indorsement.]*

full, thus: "I assign the within note to Mrs. Sarah Coffin. A. D. Wood." The authorities are abundant, if not uniform, that the legal effect of such an indorsement cannot be varied by parol evidence that the indorsee took the note at his own risk. By such an indorsement we have a *written* contract, and the parties are entitled to all its immunities and subject to all its restraints.

The case of *Bean* v. *Briggs and another*, 1 Iowa, 488, only announces the general proposition found in Story on Prom. Notes, § 138, and in all the authorities, that a blank indorsement creates the same liability from the indorser to indorsee, as if it was full, giving the holder the power to demand payment, or make it payable at his pleasure to himself, or to any other person or his order. But this does not decide that, as between the immediate parties to the contract (the indorser and indorsee), it is competent to write anything which shall not be in exact conformity to the agreement under which the indorsement was made. That question did not arise, and, of course, was not considered.

*Friend & Co.* v. *Beebe*, 3 G. Greene, 279, is more like *Sands* v. *Woods*, *supra*, than the case now before us. There the note was made to the indorsers or order, and indorsed as follows: "Pay the within note to Jesse Beebe. J. H. Friend & Co. ;" and it was held competent to show that the indorsers, at the time of the transfer of the note, requested the indorsee not to enforce collection until some months after its maturity, and that if, during such delay, the maker became insolvent, the indorsers could not avail themselves of such delay as a defense. At the conclusion of the opinion we find this language : "If a solemn, written agreement may be waived, and proof of that waiver be made in parol, certainly a mere indorsement of assignment on a note may be qualified by the express agreement, in parol, of the parties, at the time of making it; and parol evi-

dence of that agreement may be allowed to enforce the legal obligations of that agreement. Such evidence is not taken to vary, contradict, explain or destroy the assignment, but to establish the truth, between the parties, as to the terms and conditions upon which the assignment was made, that their express design may prevail instead of that which otherwise exists by implication of law." The principle here decided is maintained in Vol. 2, Cow. and H. Notes, Phil. Ev., 1460, 1461, 1472, 1473.

This reasoning reaches the question now before us; but while, as applied to that case, the *conclusion* may be ever so correct, the suggestion is warranted, that the position assumed (to the extent above quoted) was unnecessary to the disposition of the case; that it does not agree with *Sands* v. *Woods*, nor does it seem to fully appreciate the legal distinction between a full indorsement and one in blank. So that, really, it can hardly be accepted as decisive of the present inquiry. And see the reasoning in *Myers* v. *Sunderland*, 4 G. Greene, 567.

In *Cousins* v. *Westcott*, 15 Iowa, 253, an *account* was assigned, and the facts and circumstances were such that nothing there ruled can be regarded as applicable to the case at bar.

And these being all the cases in this State which, by analogy or otherwise bear upon the point now under discussion, we are left free to examine it upon principle and the authorities in other States. Upon authority, the question is left in doubt; and we are in but little if any better condition, if we look at the reasoning used by the several courts. The cases are numerous, and the discussions in some of them able and almost exhaustive. It is not our purpose to refer to them in detail, nor to quote at length from these discussions. The substance of the argument on either side, and the leading authorities, will be found in 2 Parsons N. & B., 519, from which we quote as follows:

Harrison v. McKim.

"We have already stated that the legal effect of an indorsement cannot ordinarily be varied by parol evidence. * * * But it is otherwise, it seems, in most of the States, with instruments in blank. It has been broadly stated that the reasons which forbid the admission of parol to alter instruments, do not apply to contracts raised by operation of law — such as that which the law implies in respect to the indorsement of notes of hand. (*Susquehanna Bridge Company* v. *Evans*, 4 Wash. C. C., 480.) Hence it has been held, that though a party who indorses a note before it is due is presumed by the law to be a guarantor, this liability may be controlled by oral proof of an actual agreement other than that which the law usually implies. The ground of these decisions is, that a blank indorsement not filled up is not a written instrument, and hence not entitled to its immunities, nor subjected to its restraints. It furnishes presumptive evidence of authority to fill up the blank in any way, but being presumptive only, it leaves the indorser the liberty of proving an express stipulation to have the blank filled up in a particular way. Hence, though an indorser in blank in legal contemplation writes just what the law presumes he intended to write, still the legal influence does not preclude the parties from proving what the real contract was. And hence a blank indorsement may be orally proved to have been merely for the purpose of collection, or as a renewal of a previous note. And, in general, the payee, in suing one who indorsed a note in blank at the time it was given, may show the real nature of the transaction. For, in suit between the original parties, it is considered that the blank name means nothing of itself, and its purpose must be shown *aliunde*." (Citing numerous authorities, and among others the following: *Smith* v. *Barber*, Root, 207 ; *Camden* v. *McKoy*, 3 Scam., 437 ; *Carroll* v. *Weld*, 13 Ill., 682; *Hill* v. *Ely*, 5 S. and R., 363 ; *Johnson* v. *Martines*, 4 Hal-

stead, 144; *Watkins* v. *Kirkpatrick*, 2 Dutch, 84; *Riley* v. *Gerrish*, 9 Cush., 104; *Wells* v. *Jackson*, 6 Blackf., 40; *Union Bank* v. *Willis*, 8 Metc., 504; *Newell* v. *Williams*, 5 Smed., 208; and see also *Patterson* v. *Todd*, 18 Pa., 421; *Cummins* v. *Fisher*, Anthon N. P., 1, and other cases referred to in the very full and able brief of the appellee's counsel.

On the other hand (continues Mr. Parsons), in some States, and especially New York, the indorser in blank of a promissory note makes a full, legal indorsement, and the contract cannot be turned into a guaranty or any other different contract whatsoever, either by construction of law or by proof of extrinsic facts. The earlier decisions in New York, and those of most of the other States, are not followed there now. This rule puts all indorsements on the same footing. The ground is, that if an indorser does not choose to fix his own liability, the court will fix it for him. And since the contract evidenced by a blank indorsement is ascertained by the law, the contract being settled must not be unsettled by the law. And since the same injurious results would flow from permitting the legal effects of an indorsement in blank to be destroyed, as if it were an indorsement in full, no indulgence should be granted to the former contract over the latter. Otherwise, indeed, no one can ever know how or to what extent an indorser in blank is bound. (Citing *Hall* v. *Newcomb*, 7 Hill, 416; *Spies* v. *Gilmore*, 1 Comst., 321; *Bank of Albion* v. *Smith*, 27 Barb., 489; *Cottrell* v. *Conklin*, 4 Dunn, 25; *Wilson* v. *Black*, 6 Blackf., 509; *Crocker* v. *Getchell*, 23 Me., 292; *Sankersley* v. *Graham*, 8 Ala., 347; *Stabbs* v. *Goodall*, 4 Ga., 106; *Watson* v. *Hart*, 6 Gratt., 633; *Rice* v. *Rayland*, 10 Harph., 545.) And see *Moore* v. *Cross*, 19 N. Y., 227, and cases cited by appellant's counsel.

We have thus stated the argument on both sides of this much controverted question, as given by one among the

most eminent writers on the general subject of notes and bills. That there is force in either view cannot well be denied, and that the minds of judges equally solicitous to reach a correct conclusion should, therefore, differ, is not a matter of surprise. And hence, while we have endeavored to arrive at a result in which all could agree, our differences cannot be reconciled. Without repeating or enlarging upon the argument above given, I am therefore instructed to announce that, in the opinion of a majority of the court, the testimony was properly received, and the motion for a new trial correctly overruled. This view, to their minds, is more in accord with the number and weight of the authorities, and does not violate the rule which excludes parol evidence, when offered to alter or change a written contract.

In this conclusion I do not concur. The other view, to my mind, is more in accordance with the reason of the law, and what I regard long and well settled principles, and is not unsustained by the cases and books. More than this we need not say. Let the judgment be affirmed.

COLE, J. — The conclusion announced by the Chief Justice as that of the majority is entirely satisfactory to us, and in accord with the result of our consultation, which was had without an opportunity of examining Mr. Parsons' work on notes and bills. And, while we would not undertake to controvert the correctness of the reasoning stated by Mr. Parsons, as being the basis upon which is rested the cases holding that parol proof is admissible to show that the actual agreement, in a case of blank indorsement, is other than the law usually implies; yet we do not wish to be understood as holding that to be the stronger or better ground of such ruling.

We prefer to place our decision upon a broader and firmer ground, and one not in conflict with the well recog-

nized rule, that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. The admission of parol evidence to vary the *legal effect* of a written instrument is *practically* an infraction of that rule, however plausibly it may, by skill and acumen, be made to appear not in conflict with its *theory.*

Our judgment of affirmance in this case is placed upon the ground that, while a blank indorsement is in law an authority to the indorsee to fill it up as absolute and unconditional, yet, where the actual agreement between the parties has limited that authority, the filling of the blank by the indorsee in any other manner than according to that agreement is a *fraud* upon the indorser, which vitiates the writing, and, of course, opens the door for proof as to what the real contract was. Just as where one person, being indebted to another, at the request of the creditor, who has an opportunity to use such indebtedness to an uncertain amount in payment of a liability of his own or other purpose, executes to his creditor a note with the *amount in blank*, but with an agreement that such blank may be filled with any amount not exceeding his indebtedness; and such creditor fills the blank with a much larger amount, and then brings suit upon it himself, it may, in such case, be shown by parol that the actual contract was different from the written one. And although the execution of the note in blank was an authority to fill such blank, yet, when it is filled in violation of the agreement, it is a fraud upon the maker, and the real facts may be shown by parol.

The right of the maker or indorser to avail himself of this defense, is, of course, limited in commercial cases to the parties to the agreement, or to those charged with notice of it. Fraud vitiates the most solemn written agreements; and fraud may be shown by parol evidence, without any violation of the rule which prohibits the introduction

of parol testimony to vary a written instrument. How palpable is the fraud which obtains the signature of a person, for the purpose of writing over it an obligation contrary to the agreement under which it is obtained. Where the fraud is so patent and unquestionable, it is much safer to rest the admission of parol evidence, to defeat a contract obtained by it, upon the well settled rule. which allows such evidence to show the fraud, than to justify even apparent infractions of another equally well settled rule which prohibits the admission of such evidence to vary a written contract.

Without, therefore, controverting the soundness of the reasoning as stated by Mr. Parsons, we prefer to place our affirmance upon this latter ground.

Affirmed.