SKINNER v. CHURCH.

36    91
96   499

**Promissory note:** PAROL RESTRICTIONS IN TRANSFER. A parol agreement in the indorsement of a promissory note to the effect that the transfer should be without recourse upon the indorser, cannot be interposed a s a defense against a subsequent *bona fide* holder without notice. Nor

would the case be varied by the fact that it was transferred to such holder by mere delivery and that he declared on the prior indorsement as though made to himself.

· *Appeal from Hamilton Circuit Court.*

FRIDAY, JANUARY 25.

ACTION against the indorser of a promissory note. Verdict and judgment for defendant. Plaintiff appeals.

*J. Skinner* for the appellant.

No appearance for the appellee.

BECK, Ch. J. — The defendant indorsed the note in blank to J. Skinner, who transferred it by delivery to plaintiff. Plaintiff declares on the indorsement as made to himself. There was evidence tending to prove that, when the indorsement was made, it was agreed between defendant and J. Skinner that the transfer should be without recourse upon defendant who was not to be held liable upon the instrument. It is not shown that plaintiff had notice of this arrangement.

The court instructed the jury that the agreement made at the time of the indorsement was sufficient to protect the defendant from liability, and that the allegation of the petition estops plaintiff from denying that he had notice of the conditions upon which the indorsement was made. The instruction is erroneous. The defendant can interpose the agreement relied upon only against the party with whom it was made or one charged with notice thereof. *Harrison* v. *McKim*, 18 Iowa, 485.

The fact that plaintiff declared upon the indorsement as made to himself does not estop him to deny notice of defendant's defense. He was authorized to fill up the blank indorsement to himself, and to aver in his petition that it was made in that form. But he acquired property in the note through the transfer by delivery from J. Skinner and took it free from

all defenses to which it was subject as between prior parties and of which he had no notice. 2 Parsons' Notes & Bills, 42. These principles are familiar and require no discussion.

The judgment of the circuit court must be

Reversed.