## C. O. HATHWAY, Appellant, v. T. L. ROGERS.

**Construction of Indorsement:**    ORAL EVIDENCE.    It may be shown by oral evidence that a writing on the back of a note, "Sold half of this note to R.," signed by payee, never had any legal existence as an indorsement, but was intended and understood by the parties as indicating only the interest R. had in the paper.

EVIDENCE.    Evidence that after H. had sold half his interest in a patent and a note to R., and the money was paid, R. asked what he had to show that he had any interest in the note, and, being told the bill of sale, he said this might get lost, whereupon H. said, "Make a memorandum on the back of the note, and I will sign it, to that effect." and that "Sold half of this note to R.," signed by H., was then written thereon, and that then, on inquiry by R. as to who should carry the note, it was agreed R. should carry it a while, and then H. should carry it a while, shows that the writing had no legal existence as an indorsement, but was merely to indicate the interest of R. in the paper.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

SATURDAY, DECEMBER 22, 1900.

PLAINTIFF brought suit in equity originally to enjoin the transfer of a promissory note, claiming to be the owner of a one-half interest therein. Defendant answered, setting up a claim also to a one-half interest, and asserting that plaintiff was liable to him as an indorser. By cross petition defendant asked judgment against plaintiff on such contract of indorsement. Plaintiff, by amendment, avers that the so-called indorsement was a mere memorandum placed on said note to show defendant's interest therein. If it is in law an indorsement, he asks that it be reformed, to show its real character and relieve him from liability. By still another amendment plaintiff asserts that said note has been ma-

terially altered, since it was transferred to defendant, and therefore he is not liable thereon. The pleadings are quite vol-uminous, but this abridgment will be sufficient to make plain the few points presented on the appeal. On a hearing, plain-tiff's bill was dismissed, and defendant had judgment on the note against plaintiff for one-half of the amount due thereon. Plaintiff appeals.—*Reversed.*

*Blake & Blake* and *Seerly & Clark* for appellant.

*Power & Power* for appellee.

WATERMAN, J.—The plaintiff, J. D. Gorman, and one Henry Korten were the sole stockholders and owners of the Korten Smoke-Consumer Company, each having a one-third interest. The company was indebted to plaintiff in the sum of $1,336.50, which was evidenced by its promissory note. Plaintiff had given defendant an option to purchase one-half of his interest for the sum of $846.93, with interest thereon at 7 per cent. from November 12, 1894; and on August 27, 1895, defendant made the purchase for the sum of $748.45. The following bill of sale to evidence the contract was made :-

"Know all men by these presents, that I, C. O. Hatha-way, hereby sell to T. L. Rogers one-half of all my interest in the patent known as the 'Henry Korten Smoke-Consumer,' and in note given by the Korten Smoke-Consumer Co. to me. [Said note is for the sum of $1,336.50.] Said T. L. Rogers pays for said interests $748.45. Receipt of same is hereby acknowledged. Signed this twenty-seventh day of August, 1895. C. O. Hathaway. Witness: J. D. Gorman."

The following is a copy of the note:
"$1,336.50.                    Burlington, Iowa, Nov. 12, 1894.

For value received we hereby promise to pay to the order of C. O. Hathaway, three years after date, thirteen hundred thirty-six and 50-100 dollars, with interest at 4 per cent. per-

annum. Korten Smoke-Consumer Company, by Henry Kor-ten, Prest. C. O. Hathaway, Sect.

(Indorsed) "Sold half of this note to T. L. Rogers. Aug. 27, 1895. C. O. Hathaway."

Before resorting to the evidence to see what is disclosed with relation to the writing on the back of the note, it may be well to settle certain legal questions, in order that the application of the testimony may be made apparent. An indorsement, according to the literal meaning of the word, is an incidental writing upon the back of a paper, to the contents of which it relates or pertains. In commercial law it is the signature of the payee on the back of a bill, note, or check, in evidence of his transfer of it, or of his assuring its payment, or both. 4 Am. & Eng. Enc. Law, 256. When the indorsement is not restricted, it is an assurance of payment. *Haas v. Sackett* 40 Minn. 53 (41 N. W. Rep. 237.) The test of whether a writing is, as between the parties, an indorsement, is not to be determined alone from its terms. If of a general character, and yet not intended by the maker or understood by the transferee as an assurance of payment, it is not an indorsement. An indorsement is a contract, and there can be no contract if the parties do not so intend. This is elementary. *Sands v. Wood,* 1 Iowa, 263, cited by appellee, does not conflict with these fundamental rules. In that case it was held that parol evidence was not admissible to show that an indorsement general in terms was intended to be without recourse. But it will be noted that the issue there did not arise between the original parties to the contract of indorsement. However, the question we have in the case at bar is quite different. It is sought here to show that the writing never had any legal existence as an indorsement. This, we think, is universally held permissible. *Williams v. Donaldson,* 8 Iowa, 108; Greenleaf Evidence, section 284. It is plaintiff's contention that the writing on the back of this note was

a mere memorandum, intended by him and understood by defendant as indicating only the interest which defendant had in the paper. The evidence is in some conflict on this point, but we think the decided weight supports plaintiff's contention. Let us look first at the circumstances of the transaction. Plaintiff sold one-half of his interest in the company, including the note in question, for a certain cash payment. If, as plaintiff claims, he indorsed the note, he is now liable to defendant for a greater sum than he received, and defendant owns, also, the interest purchased. It is true, plaintiff might have made such a contract, and if he had he would be bound by it, but it is scarcely reasonable on its face. But let us see what the witnesses say. Plaintiff, his wife, and one Gorman testify to what took place when the bill of sale was made. They agree substantially. We quote from Gorman's evidence: "This indorsement was made after the money was paid and everything settled. Ques. And Mr. Rogers wanted to know what he had to show that he had any interest in the note? Ans. I think I can remember the exact words. Mr. Rogers said, 'What have I got to show that I have any interest in this note?' He says, 'If that money is paid, what have I got to show that one-half of it is mine?' And I said, 'You have got a bill of sale that shows that half of it is yours.' And Mr. Rogers said 'I might lose that, or it might burn up, or something.' And then Mr. Hathaway said, 'Well, just make a memorandum on the back of the note, and I will sign it to that effect.'" The memorandum was made and signed as appears on the note. The witness continues: "That was signed and laid back on the table, and the papers all lay there for some little time, and then Mr. Rogers says, 'Well, who is going to carry this note?' And Mr. Hathaway says, 'That doesn't make any difference,' he says. 'You can carry it if you want.' Then he said, 'I tell you, Tom, you carry it awhile, and then I will carry it awhile.' Rogers then took the note and put it in his pocket." As we

have said, three witnesses testify to this state of facts, of whom the witness Gorman is disinterested, so far as the record discloses. There is some other testimony which incidentally sustains plaintiff's case, but which we do not think necessary to set out. Against all this we have only the testimony of the defendant. He denies the facts as claimed by plaintiff, and insists that the writing on the note was intended as an indorsement involving an assurance of payment. Counsel claim that his possession of the note corroborates him. But we think this is fully explained in accord with plaintiff's contention by the testimony quoted. Some criticism, too, is made of plaintiff's evidence as to incidental matters, but, allowing the most that defendant claims on this score, and we still think plaintiff's case is fully made. It was error to dismiss his bill. The relief asked should have been awarded him. The case is remanded for a decree in harmony herewith.—REVERSED.