ERNEST R. MOORE, Appellee, v. JOHN W. ALTMYER, Appellant.

BILLS AND NOTES: Delivery on Condition—Nonapplicability of
1 Statute. The statutory provision to the effect that it is permissible to show that a note was delivered on the agreement that it should not be effective until a named condition was complied with, or that it was delivered for a "special purpose," has no application to a transaction where the holder indorsed the note in blank, and delivered it to his agent for sale on the understanding, unknown to the transferee, that, if the sale was at a discount, the agent would limit the blank indorsement to one "without recourse."

EVIDENCE: Parol as Affecting Writings—Bills and Notes—Blank In-
2 dorsement. A written indorsement on a promissory note, whether negotiable or nonnegotiable, may not be varied by parol evidence. So held where an indorser sought to show that his indorsement in blank was an indorsement "without recourse."

BILLS AND NOTES: Holdership in Due Course—Nonpermissible
3 Showing of Fraud. An indorser may not, in defense of an action on his indorsement, plead or prove the fraud of his own agent in the sale of the note, no attempt being made to show that the transferee-plaintiff had any knowledge of such fraud.

ALTERATION OF INSTRUMENTS: Evidence—Sufficiency. Evidence
4 held wholly insufficient to establish any material alteration in the indorsement of a promissory note.

ATTACHMENT: Grounds—Instructions. An instruction to the effect
5 that defendant should recover on his counterclaim for the wrongful suing out of the attachment if the ground for the issuance of the writ was not true, and if the attaching plaintiff had no reasonable grounds for believing it to be true, is sufficient, in the absence of a request for more specific elaboration.

Headnote 1:  22 C. J. p. 1230.  Headnote 2:  22 C. J. p. 1230.  Headnote 3:  8 C. J. p. 1031.  Headnote 4:  2 C. J. p. 1287.  Headnote 5: 3 C. J. p. 852; 6 C. J. p. 531.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

FEBRUARY 10, 1925.

ACTION aided by attachment, to recover from an indorser the amount due on a promissory note.  The defendant interposed defenses, stated in the opinion, to the action on the note, and a counterclaim for the wrongful suing out of the attachment.  There was a directed verdict for plaintiff upon the note, and a verdict for plaintiff on the counterclaim.  Defendant appeals.—*Affirmed.*

*Stewart, Penningroth & Holmes,* for appellant.

*Deacon, Sargent & Spangler* and *D. C. Hutchinson,* for appellee.

VERMILION, J.—The defendant and appellant is the payee and indorser of the note in suit.  The note is for $7,000, signed by William and Mary Wickham, is dated March 1, 1920, and due, according to its terms, five years from date.  It is secured by a mortgage upon land, executed by the makers.

It is undisputed that, shortly after the note and mortgage were executed and delivered to the appellant, he indorsed the note in blank, and put it, with the mortgage assigned in blank, in the hands of one Yeisley, to be sold.  On March 2, 1921, Yeisley sold and delivered to the appellee, for $5,000, the note so indorsed, and the mortgage.  The sale for this amount was authorized by appellant.

On October 26, 1922, appellee commenced this action for the amount of the note against the appellant upon the indorsement, alleging his election, under the terms of the note, to declare the debt due for the failure to pay the interest when due.

The defenses pleaded in the answers were: (1) That the note was indorsed in blank by appellant, and turned over to

Yeisley for negotiation and sale by Yeisley for account of appellant, under an agreement with Yeisley that, if the note was sold for its face and accrued interest, it should be delivered to the purchaser with appellant's indorsement in blank; but that, if the note was sold at a discount, or for less than its face and accrued interest, appellant would indorse the note without recourse, and that Yeisley should in such case insert the words "without recourse" in the indorsement. (2) That Yeisley's offer to so dispose of the note was fraudulent, and made for the purpose of enabling him to obtain possession of, and 'the apparent legal title to, the note, and convert the proceeds to his own use. (3) That there had been a material alteration in the indorsement.

The court refused to admit evidence of the claimed agreement with Yeisley that, if the note was sold for less than its face and accrued interest, Yeisley was to insert the words "without

1. BILLS AND NOTES: delivery on condition: non-applicability of statute.

recourse" in appellant's indorsement, and evidence tending to show a fraudulent purpose on the part of Yeisley in making such an arrangement, and instructed the jury to return a verdict for appellee for the amount due on the note. Error is assigned on these rulings.

Counsel for appellant ·cite and rely upon Section 3060-a16 of the Negotiable Instruments Act, Code Supplement, 1913 (Section 9476, Code of 1924), and cases holding that it may be shown by parol that an instrument was delivered upon a condition, and not to become effective until the condition had been complied with, or was delivered for a special purpose only.

The statute provides, in substance, that every contract upon a negotiable instrument is incomplete and revocable until delivery for the purpose of giving effect thereto, and that delivery may be shown to be conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. We think that neither this statute nor the cited cases are applicable to the facts of the instant case.

Yeisley was the agent of the appellant to sell the note, and the note was put in his hands for that purpose, with the indorsement of appellant in blank. The controversy here is between the appellee, to whom Yeisley sold and delivered the note, and

the indorser. There was no offer to show that the appellee was a party to any parol agreement that, if the note was sold at a discount, the indorsement was to be without recourse, or that he had any knowledge or notice of any such instructions to, or limitation upon, the authority of the agent with whom he dealt. While he dealt with the agent, his contract was with the principal, the indorser.

If it should be conceded that parol evidence would have been admissible to show an agreement with appellee that the indorsement was conditional, or for the purpose of passing title only,—a concession which, as we shall see, could not properly be made,—that was not the purpose or effect of the proffered proof. It was only proposed to show that appellant had instructed his agent to make the indorsement provide for no liability on the part of the indorser if the note was sold at a discount. The note, with appellant's indorsement in blank, was in the hands of appellant's agent, who had actual authority to sell the note, and apparent authority to sell it as it stood. *Gough v. Loomis,* 123 Iowa 642; *Denecke v. West,* 184 Iowa 600; *Spence v. Chicago, R. I. & P. R. Co.,* 117 Iowa 1; *Skinner v. Church,* 36 Iowa 91.

But, passing that, it had been held in this state, prior to the adoption of the Negotiable Instruments Act, that, as between an indorser and his immediate indorsee, parol evidence was admissible although it tended to vary or modify the contract implied by law. The rule was abrogated as to negotiable instruments by the Negotiable Instruments Act. *Porter v. Moles,* 151 Iowa 279; *Berry v. Gross,* 192 Iowa 300. There was also a recognized exception to the rule, where the indorsement was of a note containing a provision whereby the indorsers waived presentment for payment, notice of nonpayment, protest, notice of protest, and diligence in bringing suit. In such case, the indorsement is the equivalent of a full indorsement, and the provisions of the note became a part of the contract of indorsement, and parol evidence is not admissible to show a different agreement. *Iowa Valley State Bank v. Sigstad,* 96 Iowa 491; *Farmers Sav. Bank v. Wilka,* 102 Iowa 315; *Berry v. Gross,* supra. In the last cited case, the exception to the general rule was held to be applicable to a nonnegotiable note.

2. EVIDENCE: parol as affecting writings: bills and notes: blank indorsement.

The note in suit provided that the indorsers waived presentment for payment, notice of nonpayment, protest, notice of protest, and diligence in bringing suit. It is the claim of appellant that the note was not negotiable; but whether negotiable or not, it is clear that the contract of the indorsement could not be modified or varied by parol evidence. If it was negotiable, the prohibition of the statute, as construed and applied in *Porter v. Moles,* is operative; if not negotiable, it falls within the doctrine announced in *Berry v. Gross* and other cases cited above, and parol evidence was not admissible to show that the indorsement was for the purpose of transferring title only.

Part of what has been said above is applicable also to the contention that appellant should have been permitted to show a fraudulent intent on the part of Yeisley. There was no claim

**3. Bills and notes: holdership in due course: nonpermissible showing of fraud.** that appellee was a party to any fraudulent purpose on Yeisley's part, or had any knowledge of it. He did not take title to the note from Yeisley or through him, but directly from appellant. Yeisley was not a party to the note, and had no title to it, but had rightful possession of it, with authority to sell it. There was no error in excluding the evidence offered.

The only evidence relating to the claim of a material alteration was the fact that the note showed on the back, below the name of Altmyer, evidence of an erasure. Yeisley testified that,

**4. Alteration of instruments: evidence: sufficiency.** while he had the note in his possession, he used it as collateral in his own business, and in so doing, indorsed his name upon it; and that, on taking it up, he erased such indorsement; that nothing else was written on the back of the note, except the names of appellant and himself. The appellant testified that, when he turned the note over to Yeisley, there was nothing on the back of it except his signature. The appellee testified that the note was in the same condition when he first saw it and bought it. There was no evidence tending in the slightest degree to show that anything other than the name of Yeisley had been erased, or that anything except the signatures of appellant and himself had ever appeared on the back of the note. There was no error in refusing to submit to the jury the question of alteration of the indorsement.

Appellee's action was aided by attachment. The appellant presented, by way of counterclaim, an action on the attachment bond for the wrongful suing out of the writ. The cause of action so set up was submitted to the jury. The verdict was for the plaintiff.

Complaint is made of an instruction which said that, if it was found that the grounds for the issuance of the attachment were not true, and that plaintiff did not, at the time of filing the petition, have reasonable cause to believe one or more of them to be true, the verdict on the counterclaim should be for the defendant. The precise objection is that the court did not say that, if the plaintiff did not in fact believe the grounds upon which the writ was asked were true, the attachment was wrongfully issued. The burden was on the appellant to establish that neither of the grounds alleged was in fact true, and that the appellee had no reasonable cause to believe them to be true. Section 3887, Code of 1897 (Section 12090, Code of 1924). The appellee was not under the burden of establishing affirmatively either the truth of the grounds alleged or his belief in their truth. While it might doubtless be said that, if one suing out an attachment did not in fact believe that the grounds he alleged for the issuance of the writ were true, and acted in bad faith, he did not have reasonable cause to believe them to be true, yet the instruction, being substantially in the language of the statute, was correct, so far as. it went. No further instructions were asked by appellant.

5. ATTACHMENT: grounds: instructions.

We find no error requiring reversal, and the judgment is —*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.