MITCHELL v. THE UNITED STATES EXPRESS CO.

1. **Common Carrier:** BILL OF LADING: EVIDENCE.  A recital in a bill of lading that goods received by a carrier are in good order when received is not conclusive evidence of the fact.

2. ———: LIABILITY OF: BURDEN OF PROOF.  Where goods have been damaged in the hands of a carrier, he has the burden to show that the damage was occasioned by a cause which exempts him from liability, and when he has done this the owner then must show, to render the carrier liable, that the damage might have been avoided by the exercise of reasonable skill and attention.

*Appeal from Scott Circuit Court.*

TUESDAY, JUNE 12.

ACTION to recover the value of several barrels of eggs, delivered to the defendant at Ononwa to be carried to and delivered at Davenport.  It was averred in the petition that the eggs were properly packed, but when they were delivered to the consignees at Davenport were mostly lost, broken and worthless.  The answer denied the eggs were properly packed, and it was averred they were unsound and unmerchantable when packed; that the eggs had been pickled by a preparation that rendered them unsafe for shipment.  There was trial to the court, a judgment for plaintiff, and defendant appeals.

*Green & Peters*, for appellant.

*J. Ackley*, for appellee.

SEEVERS, J.—Judging from the external appearance of the barrels when delivered to the defendant, the contents were in
1 COMMON car-
rier: bill of
lading: evi-
dence.
good order and condition at that time, but this is not a true test of the condition of such contents, nor would the bill of lading, even if it recited that the goods were received in good order and condition, be conclusive evidence of such facts.  *Carson v. Harris*, 4 G. Greene, 516.  In *Clark v. Barnwell*, 12 How., 272, it is

said: "Carriers may be answerable for the goods though no actual blame is imputable to them, and unless they bring the case within the exception, in considering whether they are 2. ——: lia- chargeable for the particular loss the question is bility of: bur-
den of proof. not whether it happened by reason of the negligence of the persons employed in the conveyance of the goods, but whether it was occasioned by any of those causes which, either according to the general rules of law or the particular stipulations of the parties, afford an excuse for the non-performance of the contract.   After the damage to the goods has been established, the burden lies on the carrier to show that it was occasioned by one of the perils from which they were exempted." When he does this then the burden is shifted on the shipper to show that the damage might have been "avoided by the exercise of reasonable skill and attention on the part of the person employed in the conveyance of the goods." Keeping the rules just stated in view, we proceed to the consideration of the testimony.

There is no evidence whatever of any want of care or attention on the part of the defendant or its employes, except whatever inference may be drawn from the fact that the eggs when received were in apparent good order and when delivered they were broken or partially destroyed.

The evidence discloses the fact that the eggs had undergone a pickling process which had the effect of making the shells tender or soft, and also that too many were packed in a barrel.   When received the barrels were properly stowed, but the train had not gone more than two miles before it was discovered they were leaking.   As to the foregoing matters there was no conflict in the testimony, unless possibly as to whether there were too many eggs packed in a barrel.

We are of the opinion under the foregoing facts there can be but one conclusion, and that is the breakage of the eggs was owing to the pickling process whereby the shells were weakened and rendered unfit for shipment when packed in barrels.

The plaintiff, while admitting the pickling, was unable to state the material, and therefore no chemical test could be

applied. As the primary cause of the damage was occasioned by inherent defects in the eggs, it devolved on the plaintiff to show that by due diligence, on the part of the defendant or its employes, the damage could have been avoided; this he failed to do. We are aware of the well established rule that the finding of the court stands as the verdict of a jury. But when there is no conflict in the evidence on material points in controversy, and no attempted impeachment in any manner or form of the testimony, or when there is no evidence on which the finding, whether it be of a court or jury, can be based, the rule does not apply.

REVERSED.