## ROBINSON v. REED ET AL.

1. **Promissory Notes:** MATERIAL ALTERATION. A material alteration in the terms or conditions of a note or other commercial paper, made by the holder thereof with a fraudulent intent, will defeat recovery thereon.

2. ——: ——: SURETY AND GUARANTOR. A surety contracts to pay the note while the guarantor undertakes to pay it only upon condition that certain steps are taken, and any writing upon the note, therefore, which seeks to render a guarantor a surety is a material alteration.

3. ——: ——: FRAUD. Where the alteration is established, the holder has the burden to show that it was made innocently, for a proper purpose or by a stranger, and in the absence of such proof it will be presumed to have been fraudulently made.

4. ——: ——: ——. The party guilty of the fraudulent alteration cannot by removing it recover the right of action which he has lost by his fraud.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, JUNE 12.

ACTION upon a promissory note payable to Hugh Wallace or bearer. Recovery is sought against Reed as the maker of the note and against Rand as an indorser in blank at the execution of the instrument, being neither a payee, indorsee, assignee, or holder of the paper. Reed made default and judgment was rendered against him thereon. As a defense Rand set up that after the execution of the note, at the request of the payee, he wrote his name across the back of the instrument, and that without his knowledge and consent, after he had so indorsed the note, his contract entered into thereby was altered materially by writing over his signature the word "*security*," and that such alteration he has not approved or adopted. The cause was tried to a jury and a verdict was rendered for plaintiff with certain special findings. The general verdict and one of the special findings were set aside by the court and judgment rendered against the plaintiff and in favor of defendant Rand for costs. Plaintiff appeals.

46 219
81 237

46 219
88 539
88 632

46 219
93 146

46 219
96 494

46 219
105 552

46 219
109 304

46 219,
119 266

46 219
125 530

*Dailey & Burke*, for appellant.

*L. W. Ross*, for appellee.

BECK, J.—I.   The record shows that this action was originally brought to recover of Rand as surety, and the original petition charges that he is liable in that form and sets out his indorsement of the note with the word "*security*" written over it.   Pending a former trial plaintiff amended his petition so as to charge Rand as an indorser in blank, and alleged that he had due notice of the non-payment of the note by the maker. Thereupon plaintiff erased the word " security " from the indorsement and the cause was submitted to the jury upon the issues raised by defendant's answer setting up alteration of the instrument.

The jury found specially that the word " security " was written above the name of Rand in the blank indorsement without his knowledge or consent.   There was no evidence upon the trial tending to show that Rand had, after the word was written, approved or adopted the act.   Plaintiff offered no evidence explaining the writing claimed to be an alteration or showing when, by whom, or for what purpose it was done. It was not shown to have been innocently done for a proper purpose, or by a stranger.   We are thus brought to inquire whether the writing of the word " security " in the blank indorsement made by Rand amounts to such an alteration as will defeat recovery against him on the instrument.

II.   It is the settled doctrine of this State that a material alteration of the terms or conditions of commercial paper, made by a holder thereof with a fraudulent intent, will defeat recovery thereon.   Any change of the language of the instrument which enlarges the contract, adds to the obligation of the party bound by the paper or varies its original legal effect, is an alteration of the character above indicated.   In this State the blank indorsement of a promissory note by a person not a payee, indorsee, or assignee thereof, creates a contract of guaranty.   Code, Sec. 2089.

I. PROMISSORY notes: material alteration.

"To charge such guarantor, notice of non-payment by the principal must be given within a reasonable time; but the guarantor is chargeable without notice if the holder show affirmatively that the guarantor has received no detriment from the want of notice." Sec. 2090.

"A guarantor    *    *    *    is also liable to the action of an indorsee, assignee or payee, if due diligence in the institution and prosecution of a suit against the maker has been used." Sec. 2091.

The contract of a guarantor under these statutes differs in many respects from that of a surety. One only need be mentioned. The surety is liable upon the contract though no notice of non-payment be given him, even though he suffers prejudice therefrom. In such a case the guarantor is not liable. The difference in the contracts is this: The surety contracts to pay the debt; the guarantor's contract creates a responsibility for the debt if proper and timely steps are taken to inform him of the default of the principal, in case detriment may result from want of such information, or if diligence is used in the prosecution of a suit upon the contract against the principal.

*2. ——: ——: surety and guarantor.*

It will be thus seen that the addition of the word "security" to the indorsement, or rather the filling of the blank indorsement with that word, materially changed defendant's contract, thereby enlarging it and adding to defendant's obligations.

III. The special findings of the jury are to the effect that this alteration was without defendant's knowledge or consent. Plaintiff offered no evidence to show that it was made innocently, for a proper purpose, or by a stranger. After the alteration is established the law imposes upon plaintiff the burden of showing facts supporting the sufficiency of the indorsement upon which the action is brought. If such proof is not given the alteration will be presumed to have been fraudulently made by the party attempting to enforce the note. *Whitmer v. Frye*, 10 Mo., 348; *Cochran et al. v. Nebcker et al.*, 48 Ind., 459; *Wheelock v. Freeman*, 13 Pick., 165.

*3. ——: ——: fraud.*

IV. Whatever may be the rights of an innocent holder or

the indorsee of this kind of paper without notice of the altera-
tion, to restore the contract to its original form,
a subject into which we need not enter, it cannot
be claimed that a party guilty of a fraudulent alteration can,
by such restoration, maintain an action upon the note as
though it had not been altered.

As we have seen, in the absence of explanations showing the
good faith or innocence of the plaintiffs, the alteration was
properly presumed to have been his fraudulent act.   The era-
sure of the word constituting the alteration does not restore
to him the right of action lost by the fraud of which the law
presumes him guilty.

In this view of the law the Circuit Court ruled rightly in
setting aside the general verdict.   The fact of the alteration
without the knowledge and consent of defendant having been
established by the special findings, and the presumption that
it was fraudulently made by plaintiff having been raised by
his failure to explain it, the law would not permit recovery
in this case against defendant.

AFFIRMED.