## BRISCOE v. REYNOLDS.

1. **Practice: ERROR IN INSTRUCTION.** Where the court, in his instructions to the jury, follows the rule of law announced in the petition, and plaintiff fails to ask an instruction announcing a different and true rule, he cannot avail himself of the error on appeal.

2. **Contract: IMMATERIAL ALTERATION.** An immaterial alteration in a written instrument, which does not give it a different legal effect, will not avoid it.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, OCTOBER 8.

THIS action was commenced before a justice of the peace, to recover one hundred dollars upon a contract. Judgment was rendered by the justice for the plaintiff. Defendant appealed to the Circuit Court, where a verdict and judgment were had in his favor. Plaintiff now appeals to this court. The facts of the case are stated in the opinion.

*H. B. Hendershott* and *W. W. Corey,* for appellant.

*Stiles & Lathrop,* for appellee.

BECK, CH. J.—I. The action was brought against W. C. and J. T. Reynolds, to recover the compensation provided by a written contract, whereby defendants employed plaintiff to sell a certain tract of land. The contract, after setting out a description of the land, is as follows:

"I hereby authorize and empower J. O. Briscoe to sell the above described property, and agree to pay for the sale of the same, when effected by or through him, directly or indirectly, the sum of one hundred dollars; and any sale made by me during the continuance of this contract is hereby considered as made by the said J. O. Briscoe, and the commission herein specified shall be due and owing to said J. O. Briscoe; *provided,* that the power to sell may at any time be revoked be-

fore negotiations of sale are commenced, by giving thirty days' notice of such intention; and any sale made by me within thirty days after such withdrawal, with any one with whom said J. O. Briscoe has been negotiating, shall be considered as made by him, and the said amount of commission shall be due and owing to him the same as if this contract had not been withdrawn.

Witness my hand at Ottumwa, Iowa, this 13th day of February, 1875.

"W. C. REYNOLDS,
"per J. T. REYNOLDS."

An amended petition alleges that defendant J. T. Reynolds falsely and fraudulently represented to plaintiff that he had authority, as agent of W. C. Reynolds, to enter into the contract, when in fact he had no such authority, whereby he became personally liable to plaintiff upon the contract. The answer of defendants, filed in the Circuit Court, put in issue the allegations of the petition. After a verdict for plaintiff against defendant W. C. Reynolds, which was set aside, a separate trial as to defendant J. T. Reynolds was ordered. Upon this trial a verdict was had and judgment was rendered for defendant J. T. Reynolds. From this judgment plaintiff appeals.

The court gave the jury the following instruction:

"2. If you find that said J. T. Reynolds had no authority to make the contract for his brother, W. C. Reynolds, but assumed to act for him, representing that he had authority so to do, when he had no such authority, then he himself would be liable thereon, and his liability will be ascertained by the terms of the contract."

II. This instruction, it is insisted, is erroneous, for the reason that it makes defendant's liability depend upon his representations of his authority to make the contract, as the agent of the other party, when the law holds him liable as a principal if he assumed to act as agent without authority. The rule of law here stated is cor-

1 PRACTICE: error in instruction.

rect. But we think the error of the instruction is no ground for reversing the judgment for this reason: The amended petition of plaintiff charges defendant J. T. Reynolds with liability for the reason that he falsely represented himself as an agent, and it expressly avers that by reason of his misrepresentation and fraud he became personally liable to plaintiff. He is not charged with liability on the ground that he assumed to act without authority. Upon this theory as to the law the case seems to have been tried in the court below. The court in its instructions followed the rule of law as announced in plaintiff's petition, and held defendant liable as charged by plaintiff. No instruction was asked by plaintiff announcing the different and true rule now insisted upon by his counsel. Surely he is not now, after having thus led the court into this error, entitled to a reversal of the case on account of it.

III. The answer of the defendant sets up an alteration of the contract in that the name of "J. O. Briscoe" was written

2. CONTRACT: immaterial alterations. in blanks occuring in the seventh and ninth lines from the bottom of the instrument. There was evidence tending to prove that when the instrument was executed the blanks were not filled, and the name was subsequently written therein by plaintiff. The court instructed the jury that if they found the name was written in the blanks after the execution of the contract it would amount to a material alteration and would avoid the contract.

An alteration that is not material—*i. e.*, does not give the instrument a different legal effect—will not avoid it. Greenleaf's Evidence, § 565; *Robinson v. Phœnix Ins. Co.*, 25 Iowa, 430.

We are united in the opinion that the legal effect of the contract in suit would be the same with the name not in the blanks as it is in the present form. The court enforcing the contract would, by construction, fill the blanks as it now appears. There could have been no doubt as to the intention of the parties and true meaning of the contract with the

---

blanks unfilled. That intention and meaning would have been carried out by the court. We reach the conclusion that the instruction under consideration is erroneous.

Other instructions as to the burden and measure of proof in establishing the alteration complained of by plaintiff's counsel need not be considered. As we hold there was not a material alteration of the contract, the questions presented in these instructions cannot arise upon another trial of the case. For the same reason we are relieved of the duty of passing upon questions based upon the alleged misbehavior of a juror, which was made the ground of a motion to set aside the verdict.

For the error above pointed out the judgment of the circuit court is

REVERSED.