## DENTON v. THE C., R. I. & P. R. Co.

1. **Negligence**: WAREHOUSEMAN: BURDEN OF PROOF. In an action to recover of a railroad company for the loss of goods delivered to it for transportation, where it was admitted by the pleadings that the goods were destroyed by fire while in defendant's warehouse, and alleged that such fire occurred through defendant's negligence, *held* that the burden of proof was upon the plaintiff to establish such negligence before he could recover.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION to recover the value of certain goods delivered to the defendant at Grinnell, to be transported to Avoca. There was a trial by jury. Verdict and judgment for the defendant, and the plaintiff appeals.

*Sapp, Lyman & Ament,* for appellant.

*Rising, Wright & Baldwin,* for appellee.

SEEVERS, J. The petition states that the defendant received for transportation to plaintiff, at Avoca, certain goods and merchandise; "that notwithstanding its duty in that behalf, defendant failed to transport, keep, and deliver to the plaintiff said goods and merchandise at said Avoca; that defendant utterly failed and refused to do so, though the same had been demanded, but had, by its own negligence, and without fault on the part of the plaintiff, allowed the same to be destroyed by fire."

The defendant denied all the allegations in the petition not admitted in the answer, and then averred that the goods were in its possession at Avoca on the 7th day of October, 1875, and the same not being called for they were on the 9th of said month placed in a suitable warehouse and carefully stored therein, and were destroyed by fire on the 11th day of said month, without the fault or negligence of defendant.

A general verdict was found for the defendant, and there was a special finding, as follows:

"1.   Do you find that the goods mentioned in plaintiff's petition were shipped by him at Manchester, Iowa, to be transported to Avoca, Iowa?

*Answer.* Yes.

2.   Do you find that said goods were destroyed by fire or in any other manner before they reached their destination?

*Answer.* No.

3.   Do you find the said goods were received by the defendant at its station in Avoca, Iowa?

*Answer.* Yes.

4.   Do you find that said goods were placed in the defendant's freight house at Avoca, Iowa, and were burned while in said freight house?

*Answer.* Yes."

It is assigned as error:

I.   That the verdict and special findings are against the evidence.

The destruction of the goods by fire is admitted in the pleadings, and there was evidence introduced sufficient to support both the general verdict and special findings.   Indeed we think both are fully supported by the evidence of the plaintiff, who was the only witness introduced.

Certain questions asked said witness on cross-examination were objected to on the ground they were not proper on such examination.   The objections were rightly overruled.   If mistaken in this, the evidence elicited was not prejudicial.

II.   One ground of the motion for a new trial was newly discovered evidence.   Not only, we think, could the plaintiff have, with reasonable diligence, discovered such evidence before the trial, but we think he knew of all that was admissible, and without any sufficient excuse failed to introduce it at the trial.

III.   The court in substance instructed the jury that the burden of proof was on the plaintiff.   That is, before the

1. NEGLI-
GENCE: ware-
houseman:
burden of
proof.

plaintiff could recover he must establish to the satisfaction of the jury that the destruction of the goods was caused by the negligence of the defendant.

It may be the plaintiff might have contented himself with averring the delivery of the goods, a demand and refusal, and that when he established the truth of such pleading he would have been entitled to recover.

It is said by counsel there is a conflict in the authorities on this question. That there is an apparent conflict, at least, must be admitted.

We have held, in a case involving, perhaps, a similar principle, that the burden was on the plaintiff. *Gandy v. The C. N. & W. R. Co.*, 30 Iowa, 420.

That, however, was an action sounding in tort. This is based on contract, and we are not prepared to say there may not be a distinction between these cases caused by this fact. We are not aware that the precise question in this case has been decided by this court, and because of the apparent or real conflict in the authorities we do not do so now, because it is unnecessary. But, as the destruction of the goods by fire was admitted in the pleadings, did or did not this fact shift the burden of proof, conceding that, but for this admission, it would have been on the defendant. *Mitchell v. U. S. Express Co.*, 46 Iowa, 214; *Clark v. Barnwell*, 12 How., 272.

The contract of transportation was at an end before the goods were destroyed. The liability, therefore, of the defendant was that of a warehouseman.

That the destruction of goods by a fire which is purely accidental constitutes a good defense as to a warehouseman is conceded on all hands. Counsel do not claim otherwise. The substance of the allegation in the petition is that the goods were destroyed by fire, and that such fire was caused by the negligence of the defendant.

When the destruction by fire is conceded, the goods are accounted for. But, the plaintiff asserts, not sufficiently, because he will establish on the trial the fire was caused by the negligence of the defendant. This cannot be said to have been an immaterial allegation, and, therefore, unnecessary to be proved. One of two things is undoubtedly true: either that the defendant to defeat a recovery must establish that

the fire was accidental, or the plaintiff must prove it was caused by negligence in order to recover.

Now the plaintiff, for satisfactory reasons it must be presumed, and there may be many such, assumed the burden of proving negligence. The defendant clearly, we think, had the right to so conclude, and prepare its defense accordingly. That is, to rebut the case made by the plaintiff.

It would be unjust, under this record, for the plaintiff to prove simply the receipt of the goods, a demand and refusal, then rest and say to the defendant: no matter if I have said I would prove the fire was caused by your negligence, I now, at this late day, demand that you should assume the burden and prove that the fire was accidental.

The defendant might well be surprised at such a demand, and had the plaintiff taken this course the defendant would, undoubtedly, have been entitled to a continuance, or time to procure and present the required evidence. This, however, was not done. The plaintiff introduced no evidence tending to establish negligence, and did not say to the court or defendant that he intended to, and should insist that the burden was on the defendant, notwithstanding the allegations in his petition, but submitted the cause to the jury. Under these circumstances the court rightly held the burden was on the plaintiff.

AFFIRMED.