BELDEN v. HANN ET AL.

1. **Promissory Note:** BLANK INDORSEMENT BY PAYEE: RIGHTS OF HOLDER. The holder of a note indorsed in blank by the payee has no right to change the contract of the indorser, as understood in the law-merchant, by writing over the name of the indorser a contract of guaranty; and the guaranty so written in this case, without the knowledge or consent of the indorser, was properly held by the court below to be void.

*Appeal from Guthrie Circuit Court.*

THURSDAY, APRIL 19.

THIS action involves the liability of the defendant, Spain, upon a blank indorsement upon a promissory note. The court below held that the defendant was not liable, and plaintiff appeals.

*H. E. Long*, for appellant.

No appearance for appellee.

ROTHROCK, J.—The amount in controversy is less than $100, and the case comes to us upon the following questions certified by the learned judge of the circuit court:

"1.   Where a party, the payee in a promissory note, sells said note, and places his name in blank upon the back thereof, and afterwards a written guarantee is written over said signature upon the back of said note, without the consent or knowledge of the payee or indorser, is said guarantor or party entitled to notice of non-payment, notice of protest, etc., as an indorser ?

"2.   Does the assignee or indorsee of a promissory note or one to whom same has been sold and indorsed in blank, and afterwards a guarantee of payment is written over said indorser's name, have the right, under the law, to place over said indorser's signature, without his knowledge or consent, the following words, "guarantee payment at maturity to bearer," and will the same hold said indorser as a guarantor of the contract ?

"3.   By said words being placed over said signature, does the law set forth by sections 2089, 2090, and 2091, of the Code of 1873, govern such indorsement ?

"4.   When, after a blank indorsement is made upon a promissory note, an absolute guarantee is, without his knowledge or consent, written over the signature of said indorser, and due diligence has been used by the holder of said note at maturity in the institution and prosecution of suit against the principal in the note, and the evidence showing no damage has resulted to the indorser, is the party guaranteeing payment of said note liable thereon without notice of non-payment, etc ?

"Signed in open court this 12th day of May, 1882.

"S. A. CALLVERT, *Judge.*"

It is well understood that the blank indorsement of a promissory note by the payee creates the liability of an indorser as understood in the law-merchant. Such indorsement creates the same liability from the indorser to the indorsee, as if it were in full. *Bean v. Briggs & Felthouser*, 1 Iowa, 488.

But the contract of indorsement is very different from a contract of guaranty, and the holder of a note with a blank indorsement by the payee has no legal right to change the obligation of the indorsee, by writing a contract of guaranty over the name of the payee, "without the knowledge or consent of the payee."

What the rights of the parties may be to show by parol the real contract entered into by the indorser, need not be considered here, because no such question is certified to us. We are required to determine the questions certified, and not questions of fact or law in the case which are not certified, and we cannot consider the question as to the rights of the parties upon a guaranty upon a chattel mortgage given to secure this note, as we are requested to do by counsel. Taking these questions as they are certified, we answer, unhesitatingly, as did the court below, that the guaranty written over defendant's name, without his knowledge or consent, was void.

AFFIRMED.