## STARR v. BLATNER *et al.*

**Surety:** ON LIQUOR-SELLER'S BOND : ALTERATION : DISCHARGE. The principal in the bond in question had made application for a permit to sell intoxicating liquors for lawful purposes in a certain town, and the application described the particular house in which the sales were to be made, as the law required that it should. For the purpose of obtaining such permit, the bond in question was executed. The bond referred to the application, and recited the town in which the sales were to be made, but not the lot and block, and it did not recite the fact that the application was for leave to sell such liquors for mechanical, culinary and sacramental purposes only, but these matters were inserted in the bond after its execution. The condition of the bond was that the principal should "faithfully carry out the provisions of all laws now or hereafter in force relating to the sale of intoxicating liquors." *Held* that the bond was not materially altered by the insertion of the matters above referred to, and that the sureties were not discharged thereby. (Compare *Rowley v. Jewett*, 56 Iowa, 494, and *Briscoe v. Reynolds*, 51 Iowa, 675.)

*Appeal from Marion District Court.*—HON. O. B. AYRES, Judge.

FILED, DECEMBER 21, 1888.

*Winslow & Varnum*, for appellants.

*Hays Bros.*, for the appellee.

ROBINSON, J.—The petition of plaintiff shows that on the fifteenth day of January, 1887, the defendant S. L. Crook applied to the board of supervisors of Marion county for a permit to sell intoxicating liquors in the town of Dunreath, for mechanical, culinary and sacramental purposes. To obtain such permit a bond was given and approved, of which the following is a copy: "Know all men by these presents that I, S. L. Crook, * * * as principal, and G. M. Blatner, W. H. George and J. D. Norris, * * * as sureties, are held and firmly bound unto the county of Marion, in the state of Iowa, for the use of the school fund, in the penal sum of three thousand dollars, for the payment of which, well and truly to be made, we jointly and severally bind ourselves and our lawful representatives. The condition of the above bond is that whereas, the said S. L. Crook has made application to the board of supervisors of Marion county, Iowa, at the January term of said board in the year 1887, for a permit to sell and buy intoxicating liquors within the town of *Dunreath, block 8, lot 15*, in said county, *for mechanical, culinary and sacramental purposes only*. Now, therefore, if, upon the granting of said permit for the time provided by law, the said S. L. Crook shall faithfully carry out the provisions of all laws now or hereafter in force, relating to the sale of intoxicating liquors, then this bond to be void; otherwise in full force and effect." (Signed.) The petition further alleges that a permit was duly issued, and in each of sixty-four counts charges a sale of intoxicating liquor to a person in the habit of becoming intoxicated, or to a minor, in violation of law. A separate judgment for one hundred dollars is demanded on each count. The appellants, in one division of their answer, allege that the italicized portions of the bond were inserted therein after they had executed it, and without their knowledge

or consent. A demurrer to this division of the answer was sustained. The cause was tried on the issues raised by the other portions of the answer, and a verdict returned in favor of plaintiff on nineteen counts. Judgment was rendered against the defendants for the sum of nineteen hundred dollars.

The chief question presented to us by the appeal is stated by counsel for appellants as follows : "Are the alleged alterations in the bond, or either of them, material, and because of them, or either of them, are the defendant sureties discharged?" It is insisted on behalf of appellants that the alterations were material, and gave to the bond a different legal effect; that the bond as executed contemplated the giving of authority to Crook to buy and sell intoxicating liquors within the entire town of Dunreath, without any other restriction as to place or purpose of sale. It is insisted that it can make no difference that such a permit as that contemplated by the bond could not have been legally issued, for the reason that the sureties had fixed the terms upon which they were willing to be bound, and that the alterations, made because the auditor refused to approve the bond without them, imposed restrictions as to place of sale, and the purposes for which sales could be made, which materially altered the conditions and effect of the original undertaking. Numerous decisions of this and other courts are cited to sustain these claims. These decisions are authorities for the following among other propositions : That any material alteration in an agreement, even though it may operate to the benefit of the surety, will release him; that among such alterations are a change in the penal sum of a bond ; the addition of a maker or surety ; the erasing of the name of a maker or surety ; a change in the rate of interest; a change in the time or place of payment or performance ; and a change requiring payment to be made in gold. But in our opinion none of these authorities sustain the claims of appellants in regard to the bond in controversy. The bond refers to the application which had been made by Crook. The petition

shows that such application was for permission to sell intoxicating liquors for mechanical, culinary and sacramental purposes, as named in the alteration of the bond. The law required the permit to specify the house in which the intoxicating liquors might be sold. Code, sec. 1531. The law will not presume that appellants sought to aid their principal to obtain an illegal permit, nor that they intended to do a vain thing by signing the instrument in suit ; but it will presume, rather, that it was their interest to aid in procuring a legal permit to sell liquors for the purposes named in the application to which their undertaking refers, and that they executed it with knowledge that the permit, when granted, would in some manner specify the place in which the business therein named should be conducted. The law did not require the bond to specify the purposes for which the permit should authorize liquors to be sold, nor the place of sale. The sales involved in this suit were as much within the conditions of the bond as originally drawn as they are since it was altered. The alterations did not change its legal effect. Neither benefit nor injury was caused by them, and they were not material for any purpose. *Rowley v. Jewett,* 56 Iowa, 494 ; *Briscoe v. Reynolds,* 51 Iowa, 675. The demurrer was therefore properly sustained.

The views we have expressed dispose of the other questions raised by appellant. The judgment of the district court is

AFFIRMED.