Allen McArthur, Appellant, v. Charles J. Schultz.

Res Judicata: PRACTICE. Where there is a reversal for defendant, because plaintiff was allowed to withdraw part of his claim without prejudice, and remand made to enable defendant to get a determination upon said withdrawn parts of the plaintiff's claim, defendant cannot allege, upon second trial, that said claims are *res judicata.*

*Appeal from Linn District Court.*—Hon. J. H. Preston, Judge.

Monday, December 17, 1894.

Action for breach of covenants in a warranty deed. There was a judgment for the defendant, from which plaintiff appeals.—*Reversed.*

*J. C. Leonard* for appellant.

*D. E. Voris* for appellee.

Robinson, J.—In October, 1887, the defendant conveyed to the plaintiff a tract of land, which at the time was incumbered by two mortgages, duly recorded, given to secure promissory notes to the amount of about three hundred dollars. The deed of conveyance covenanted that the land was free from incumbrance, and that the grantor would defend the title thereto against the lawful claims of all persons. This action was brought on those covenants. The original petition set out the conveyance and covenants, alleged a breach of the covenants, and demanded judgment against the defendant for the sum of three hundred dollars, with interest and costs. An answer which denied liability, and contained a counterclaim which alleged

grounds for equitable relief in favor of the defendant, was filed, and on his motion the cause was transferred to the equity docket.    A reply was filed, and the cause was submitted for final determination.    On the twenty-first day of November, 1888, action was had, as shown by the record of the court, as follows:  "Plaintiff asks and has leave to withdraw all his claims, excepting ten dollars interest paid on incumbrance, without preju- dice; and finding for plaintiff, judgment for ten dollars and costs,—to all of which defendant excepts."   From that judgment the defendant appealed, and the judg- ment was reversed.   See *McArthur v. Schultz*, 78 Iowa, 365, 43 N. W. Rep. 223.  The cause was remanded for fur- ther proceedings in harmony with the opinion.   The plaintiff then filed an amended petition, which appears to have been a substitute for the original one, in which he set out the deed of conveyance, the incumbrances which were on the land when the deed was executed, and alleged that to protect his title he had been compelled to pay the sum of three hundred and thirty-eight dol- lars and ninety-three cents, with interest, to satisfy the incumbrances.   Judgment for that amount was asked. The defendant filed an answer which contained a gen- eral denial, and alleged that all the matters set out in the amended petition were fully adjudicated by the District Court on the twenty-first day of November, 1888, and that the judgment so rendered was final.    A reply to this answer was also filed, the cause was sub- mitted on an agreed statement of facts, and the Dis- trict Court rendered judgment in favor of the defend- ant for costs.

The only question we are required to determine is whether the plea of former adjudication is sustained. If it is, the judgment of the District Court is to be affirmed, and, if it is not, judgment is to be rendered in favor of the plaintiff for the amount of the incum-

brances not paid by the defendant. On the former appeal the only question in regard to the merits of the case which was presented to this court was whether the plaintiff had a right to dismiss a part of his claim without prejudice after a submission of the case on its merits, and before a final determination by the court, and we answered the question in the negative. The plaintiff had obtained all the relief he demanded and did not appeal. The complaint of the defendant was that a part of the claim made by the plaintiff had been improperly withdrawn, and his theory on the appeal was that there had been no adjudication of the part of the claim now in controversy, and the appeal was taken for the purpose of securing such an adjudication. That fact was fully recognized in the opinion of this court, which stated that, according to the abstract then presented, there had been no decision on the merits of the claim of the plaintiff, excepting as to a part which amounted to ten dollars, and the case was remanded "for final decree upon the merits of the cause." As it was the purpose of the appeal to secure a determination of all the claims which had been submitted to the District Court, and this court held that the defendant was entitled to such a determination, and reversed the decree and remanded the cause to enable him to obtain it, there is no ground whatever for the claim now made by the defendant that there was in fact a decree on the claims withdrawn, which must be treated as final. The judgment of the District Court is *reversed.*