MICHAEL MALONEY, Appellant, v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

**Practice:** ERROR IN CHARGE. Where an erroneous instruction is in harmony with appellant's petition and theory below, and a correct one is not asked, there will be no reversal.

SAME. Where all the evidence is not up, no charge, which may be correct under all the evidence, will be reviewed.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, MAY 31, 1895.

Action at law to recover damages for a personal injury. Trial by jury. Verdict and judgment for the defendant. Plaintiff appeals.—*Affirmed.*

*Mahoney, Minahan & Smythe* for appellant.

*Hubbard & Dawley* for appellee.

Rothrock, J.—I.   It appears from the averments of the petition that the right of way of the defendant's railroad through the incorporated town of Arcadia, in Carroll county, crosses one of the public streets in said town, and that there is a sidewalk on said street and across the railroad track; that plaintiff, while walking on said sidewalk at a point between the railroad track and the line of the right of way, fell down on said walk, and was injured.   It is alleged that the injury was caused by a loose board in the walk, which was suddenly thrown out of place by stepping on it, and that the defendant was negligent in not keeping said walk in repair, and that the defendant had been frequently notified of the defective condition of said sidewalk.   It is further averred that the accident occurred without any fault or negligence or carelessness on the part of plaintiff.      The abstract does not purport to be an abstract of all the evidence.   Indeed, it affirmatively shows that it contains but a small part of the evidence.   In this state of the record it is well understood that we cannot consider any question unless it be such as may be determined without an abstract of all the evidence.      For example, the plaintiff contends that the court erred in directing the jury that the plaintiff was not entitled to recover under the evidence for loss of time in the future by reason of the alleged injury.   It is true that the abstract contains part of the testimony of the plaintiff as to the duration of the injury, and there is the testimony of another witness that the plaintiff did not do as much work after the time he was injured as before.      It appears that the alleged injury occurred on the twenty-first day of September, 1890, and this action was not

commenced until the sixth day of September, 1892, and the cause was tried in April, 1894. We cannot say that the court erred in directing the jury as it did on the claim for loss of time in the future, for we are not advised what additional evidence was introduced on the question.

II. We have set out the averments of the petition because the main ground upon which a reversal is asked is an alleged error in an instruction to the effect that the defendant's liability depended upon either express or implied notice of the defect in the walk. The proposition of the plaintiff is that the defendant is liable without notice, either express or implied. It will be seen that the petition is in the form of a proper pleading in an ordinary action against a town, city, or county for a personal injury caused by a defective sidewalk or bridge. There is no reference therein to liability on any other ground; and the evidence, so far as it is contained in the abstract, shows that the cause was tried on the theory that notice of the defect was necessary to be shown in order to authorize recovery, and the plaintiff did not request that the jury should be instructed that no notice was necessary. This court has repeatedly held that where the court, in instructions to the jury, follows the rule of law adopted by the petition and by the plaintiff on the trial, and plaintiff fails to ask an instruction announcing a different rule, he cannot avail himself of the supposed error on appeal. *Briscoe v. Reynolds*, 51 Iowa, 673 [2 N. W. Rep. 529]; *Denton v. Railway Co.*, 52 Iowa, 161 [2 N. W. Rep. 1093]; *Hoyt v. Hoyt*, 68 Iowa, 703 [28 N. W. Rep. 27]. We conclude that what has been said disposes of all material questions raised by the assignment of errors, and the judgment of the district court is *affirmed.*