THE IOWA VALLEY STATE BANK V. T. R. SIGSTAD, A. E. SIGSTAD, O. M. SIGSTAD, Defendants, and B. M. BANGS, Defendant and Appellant.

| 96 | 491 |
| 102 | 317 |
| 96 | 491 |
| d114 | 51 |
| 96 | 491 |
| 124 | 377 |
| 124 | 378 |

**Negotiable Instruments:** ALTERATION. A note provided that the makers, indorsers, and guarantors waived presentment, notice of non-payment, protest, notice of protest and due diligence in bringing suit. The *payee* indorsed it in blank and indorsee wrote over the signature in blank: "Pay A. or order—payment guaranteed—Belmond, Iowa." *Held,* the words added nothing to the force of such blank indorsement by a *payee,* and hence do not constitute a material alteration.

**PAROL VARIANCE.** Such blank indorsement binds the indorser to the waiver of presentment, notice, etc., contained in the body of the note, and the said terms of the note so become a part of the contract of indorsement that the indorser is liable and cannot show by parol that his indorsement was made for no purpose except to transfer title.

*Appeal from Wright District Court.*—HON. D. R. HINDMAN, Judge.

SATURDAY, DECEMBER 14, 1895.

Action on a promissory note. Trial to jury as to defendant Bangs. Verdict for plaintiff by direction of the court, and defendant Bangs appeals.—*Affirmed.*

*Ladd & Rogers* for appellant.

*W. E. Bullard* and *Nagle & Nagle* for appellee.

Kinne, J.—I. The petition alleges that the defendants Sigstad executed and delivered to the defendant Bangs their promissory note for two hundred and twenty-five dollars, dated October 23, 1891, and due October 23, 1892, and drawing eight per cent. interest; that Bangs sold and delivered the note to the Valley Bank, and said Bank sold the same to the plaintiff; that Bangs, when he sold the note, guarantied the payment of the same. Other necessary allegations are made as to the incorporation of plaintiff, that the note is unpaid, etc. The note reads as follows: "$225. Belmond, Iowa, Oct. 23, 1891. On or before the 23rd day of October, 1892, I, we, or either of us, promise to pay to B. M. Bangs, or bearer, two hundred and twenty-five ($225) dollars, value received, payable at the office of Jamison, at Belmond, with interest at the rate of eight per cent. per annum, from date, payable annually. Should any of the interest or principal not be paid when due, it shall bear interest at the rate of 8 per cent. per annum, and a failure to pay any of said interest within five days after due shall, at the option of said obligee or his legal representatives, cause the whole note to become due and collectible at once. The makers, indorsers and guarantors of this note agree to pay all expenses of collection, including attorney's fee, if suit is brought hereon, and hereby waive presentment of payment, notice of non-payment, protest, and notice of protest, and due diligence in bringing suit against any party

thereto, and sureties consent that the time of payment
may be extended without notice thereof. [Signed.]"
On the back of the note the following appears: "Pay
Iowa Valley Bank, or order. Payment guarantied.
Belmond, Iowa. B. M. Bangs." "Pay Iowa Valley
State Bank. Iowa Valley Bank, by G. H. Richard-
son." To the petition the defendant Bangs pleads
three defenses: *First.* He denies that he guaran-
tied the payment of the note, and avers that he
indorsed the same in blank for the sole purpose of
transferring the ownership thereof, and that when
he thus indorsed it no words were on the back
of the note except his name; that at said time it
was the understanding and agreement that said
indorsement was without recourse, and defendant was
not to be held for its payment, and that plaintiff had
notice thereof before acquiring ownership of the note.
*Second.* He pleads that the note has been materially
altered without his knowledge or consent, since he
indorsed it, by placing above his signature the words,
"Pay Iowa Valley Bank, or order. Payment guar-
antied. Belmond, Iowa,"—and said note is there-
fore void. *Third.* That when said note became due
there was no demand made on him for payment, no
notice of non-payment by the makers thereof, and no
steps were taken to collect the same or to reduce it to
judgment until long after it became due; that when
it became due the owner and holder, the makers, and
defendant were all residents of Wright county, Iowa,
and said makers then had property in said county,
not exempt from execution, sufficient to have paid the
note and interest thereon, and for some time after
same was due said property was still in said county,
and subject to execution; that the makers have since
become insolvent. He then avers that, if proper dili-
gence had been exercised by the plaintiff, the whole
note and interest could have been made from the

makers thereof; that if he is now compelled to pay it, he will be remediless, and is therefore damaged to the full amount of said note. Plaintiff demurred to the second division, because the words claimed to have been written over the defendant's signature do not constitute a material alteration, and do not affect the defendant's liability; and to the third division, because the matters therein pleaded constitute no defense, for the reason that demand and notice of non-payment were waived in the body of the note, which by the indorsement became a part of the contract of indorsement, and a failure to sue the makers was likewise waived. This demurrer was sustained, and an ·exception taken. Upon the issues, as presented by the petition and the first division of the answer, a trial was had to a jury, and at its conclusion the court, on motion of plaintiff's counsel, withdrew the case from the jury, and rendered a judgment against defendant Bangs for the amount claimed.

II. The first question presented is as to whether the writing of the words, "Pay Iowa Valley Bank, or order. Payment guarantied,"—on the back of the note above defendant's signature is a material alteration? The rule in this state is that any alteration which does not give the instrument a different legal effect is not a material alteration, and will not avoid it. 1 Greenleaf Ev. section 565; *Robinson v. Insurance Co.*, 25 Iowa, 430; *Robinson v. Reed*, 46 Iowa, 219; *Briscoe v. Reynolds*, 51 Iowa, 673 (2 N. W. Rep. 529); *Rowley v. Jewett*, 56 Iowa, 492 (9 N. W. Rep. 353); *Starr v. Blatner*, 76 Iowa, 356 (41 N. W. Rep. 41). Did the writing of the words set out give to the indorsement of the defendant a different legal effect? Did they in any way increase or affect his liability as an indorser which he entered into when he wrote his name on the back of the note? If not, then defendant cannot complain. It will be observed that

the body of the note contained this provision: "The makers, indorsers and guarantors of this note * * * hereby waive presentment of payment, notice of nonpayment, protest, and notice of protest, and due diligence in bringing suit against any party thereto." When the defendant put his name on the back of the note, without more, he became a party to the paper, and was bound by all its provisions. These provisions of the note then formed a part of his contract of indorsement, and he was as fully bound by them as he could have been had they been placed upon the back of the note and his name then been written under them. Tiedeman Com. Paper, section 363; 2 Daniel, Neg. Inst. section 1092; *Lowry v. Steele*, 27 Ind. 170; *Bryant v. Lord*, 19 Minn. 405 (Gil. 342); *Bank v. Ewing*, 78 Ky. 266; *Bryant v. Bank*, 8 Bush. 43; *Smith v. Lockridge*, 8 Bush. 431; *Phillips v. Dippo*, 93 Iowa, 35 (61 N. W. Rep. 217). Now, this indorsement in blank of this note by the defendant authorized the receiver of the note, or any *bona fide* holder of it, to write over the defendant's name an indorsement in full, to himself or to another, or any contract not inconsistent with the character of such an indorsement. 1 2 Daniel, Neg. Inst. (3d Ed.) section 694. The indorser, in this case, being the payee of the note, the case is not within the provisions of the statute making an indorser in blank a guarantor of the paper. Code, sections 2089-2091.

Now, to determine whether the matter written over defendant's name was consistent with the obligation he has assumed as an indorser, we must look to the body of the note, as well as to the liabilities which the law merchant attaches to one who indorses a note in blank. Under his contract as an indorser, he became liable to pay the note when it matured, in case the makers failed to do so. He was not entitled to a demand, or to notice of nonpayment, protest, or

notice of protest, nor could he require diligence on the part of the holder in the collection of the note from the makers. All these preliminary steps, which might have been necessary, under the law merchant, to hold defendant as an indorser, had been waived in the body of the note, which, as we have seen, became a part of this contract of indorsement, and fixed his liability to pay absolutely on the failure of the makers to pay. It follows, then, under the law, that the holder of the note thus indorsed might write anything above the name of the defendant on the back of the note which did not change the legal effect of the instrument. The legal effect of the instrument was, as we have seen, to make the defendant liable absolutely in case the makers failed to pay it at maturity. Under such circumstances it is inconceivable how the addition of the words, "Payment guarantied," could in any way affect the liability which the defendant had already assumed as indorser.

It is said by counsel for the defendant that the contract of indorsement is very different from a contract of guaranty, and that by writing words of guaranty the obligation of defendant was changed from that of an indorser to that of a guarantor,—that the liability was thereby enlarged. *Belden v. Hann*, 61 Iowa, 42 (15 N. W. Rep. 591); *Robinson v. Lair*, 31 Iowa, 9. While ordinarily, and in the absence of such words as are found in the body of the note in suit, such might be the case and an enlarged liability result, still such result, it seems to us, cannot follow when, by the contract of indorsement, gathered as well from the terms of the body of the note as from the law merchant, the liability of the indorser is absolute, in the absence of payment by the makers, and without any steps whatever being taken by the holder of the paper. In *Belden's Case* the endorsement was in blank, the holder wrote above it the words, "Gaurantee payment at maturity to bearer," and it was held that

the blank indorsement by the payee created the lia-
bility of an indorser, as understood by the law mer-
chant, and the same liability from the indorser to the
indorsee as if it were a full indorsement, that the con-
tract was different from that of the guaranty, and the
holder of such a note had no legal right to change the
obligation of an indorsee by writing over his indorse-
ment a contract of guaranty without his knowledge
or consent.  Our holding is in no way inconsistent with
the rule of law as established in *Belden's Case.*  In
that case the indorser did not become a party to a
note the terms of which fixed an absolute liability as
in this case.  In  that case there was no waiver of
demand, notice, protest, notice of protest, and of due
diligence, and hence the contract of the indorser rested
only upon the law merchant.  Here the liability, by
reason of the provisions of the body of the note, is made
greater than that which the law merchant creates; in
fact, as we have said, is absolute.  In *Robinson's
Case* it is held that a writing on the back of the note,
guarantying payment, and waiving demand and notice
of non-payment, constituted an indorsement with an
enlarged liability.  That case, in its facts, is not like
the one at bar, as, for the reasons heretofore stated,
the liability of defendant as an indorser was absolute
by reason of the waivers in the body of the note which
became a part of his contract of indorsement.  Nor is
our view in conflict with what is said in *Twogood v.
Coopers,* 9 Iowa, 417, where it is said:  "The blank
indorsement of the note by a party to it, without more,
does not make the indorser liable as the guarantor."
Now, let it be conceded that the holder of the note had
no right to write the words, "Payment guarantied,"
above defendant's name on the back of the note, and
that the effect of such words would be to make the
defendant a guarantor of payment, still, under the
contract we have here in the body of this note, the

defendant's liability was not changed in the least. What would be his liability as a guarantor under the law merchant, and in the absence of special provisions in the note itself? The failure to give him notice of nonpayment would not, of itself, discharge him from liability. True, in case the principal failed to pay the note, the guarantor must be informed thereof within a reasonable time, so that he may save himself from loss. But he cannot successfully defend for want of notice, unless "notice has been so long delayed as to raise a presumption of payment or waiver, or unless he can show that he has lost, by the delay, opportunities for obtaining securities, which notice, or an earlier notice, would have secured him." *Bank v. Gaylord*, 34 Iowa, 246. As an indorser under the law merchant, he contracts to pay the note, providing due presentment is made to the maker, and notice to the indorser of its dishonor, in the absence of which he is discharged, regardless of having been prejudiced by reason of the holder's neglect in these respects. It is clear, then, that if liability be determined by the law merchant alone, the obligation of a guarantor is greater and more extended than is that of an indorser. Here, however, we have a case where, by reason of the terms of the body of the note itself, the liability of defendant as an indorser is absolute, on failure of the makers to pay, and the liability of the defendant, under the terms of guarantee of payment written above the name, when considered in connection with his liability as an indorser in blank, is not other, different, or greater than it would be under his indorsement, and in the absence of the words creating a liability as guarantor. In neither case, under the contract before us, were any steps required to be taken to create or to continue the liability of the defendant, and so far as his liability upon this note is concerned it is immaterial whether he be treated as holder in the capacity

of indorser or in that of guarantor, being, in either event, under the law merchant and terms of his contract, absolutely liable to pay the note on failure of the maker so to do. We hold, then, that the words written over defendant's name did not constitute a material alteration of the note.

III.   What we have already said, in effect, disposes of the question raised in the third division of the answer, to which the demurrer was sustained. That pleading was grounded upon the theory that the defendant was entitled to notice of non-payment, and to have the holder exercise due diligence in attempting to collect the note of the makers, and that the holder failing so to do, and the defendant, having been prejudiced thereby, was entitled to show such facts as a defense *pro tanto*. As we have said, in a prior division of this opinion, he was by the contract of indorsement liable absolutely, having waived demand, notice, and diligence. The demurrer was therefore properly overruled as to the third division of the answer.

IV.   Did the court err in taking the case from the jury, and in entering a judgment for plaintiff? We think not. While under our holdings, as between the indorser and the indorsee, it may be shown by parol evidence that an indorsement in blank was made simply for the purpose of transferring the title to the instrument, and that the agreement was that the indorser should not be holden thereon, or that the real contract was in other respects different from that which the law, in the absence of such evidence, would imply, still that doctrine has never been extended to cases of a full indorsement. *Harrison v. McKim*, 18 Iowa, 488; *Skinner v. Church*, 36 Iowa, 91. As to the indorsement in full, the general rule of law applies, that parol evidence is inadmissible to contradict or vary the terms of a valid written contract. 1

Daniel, Neg. Ins. section 717. Now, we have said that what was contained in the body of the note in this case became a part of the defendant's contract of indorsement, and that he thereby undertook to pay the note on the failure of the makers so to do, and without any action on their part; that he waived the taking of the steps required by the law merchant in order to hold an indorser. The situation, then, is this: He wrote his name, simply, on the back of the note, and were it not for what appears in the body of the instrument, his indorsement, for all purposes, would be treated as in blank only. But having made himself a party to an instrument, the terms of which, in connection with his liability under the law merchant, rendered him absolutely liable in the event the makers failed to pay, is he now within the rule permitting a blank indorser of a note to show what the real agreement was, as between himself and the indorsee, or as against one taking the paper with knowledge of said agreement? True, in form he is an indorser in blank, but in fact, owing to the provisions of the note itself, he has obligated himself absolutely to pay the note in case the makers fail so to do. To permit an indorser, under such circumstances, to show that he was not to be holden is to work a plain violation of the rule, and to permit him by parol to avoid the effect of, and obligations created by, an indorsement which imposes a more certain liability than the ordinary indorsement in full. If, in this case, the indorser may by parol evidence show the facts touching the indorsement, then, though his liability is more certain than that of an ordinary indorser in full, he may escape responsibility when the indorser in full could not,—a result which

we think should not obtain. We have been unable to find any authority directly in point upon facts like those before us, but upon reason it would seem than an indorser in blank of an instrument, the terms of which became a part of his contract, and fix an absolute liability to pay upon the failure of the makers so to do, should not be permitted by parol to vary or change the contract which he has thus entered into. We therefore hold that the defense sought to be made in the first division of the answer, and upon which a trial was had could not be made, under the circumstances disclosed in this case, as against either the indorsee or any other holder of the paper. The court properly entered a judgment against the defendant.—*Affirmed.*