THE FARMERS SAVINGS BANK OF GEORGE, Appellant, v.
WILLIAM WILKA.

**Indorsement in Blank: PAROL VARIANCE.** Where a note provides
that indorsers waive presentment, protest, and notice of non-
payment, one transferring it by blank indorsement cannot show
by parol that his indorsement was simply to transfer title, even,
as against a holder who knew of such verbal agreement.

**Appeal: ASSIGNMENT OF ERRORS.** An assignment of error in giving
a specified part of an instruction is sufficient without stating in
what respect it was claimed to be erroneous.

*Appeal from Lyon District Court.*—HON. SCOTT M. LADD,
Judge.

THURSDAY, MAY 20, 1897.

ACTION at law to recover the amount due on a
promissory note.  The action was commenced in
justice's court against the makers of the note, and
William Wilka as indorser.  Judgment was rendered in
that court against the defendants, and Wilka appealed
therefrom to the district court.  A trial by jury, had
in that court, resulted in a verdict for Wilka.  From
a judgment rendered in his favor for costs, the plain-
tiff appeals.—*Reversed.*

*J. M. Parsons* for appellant.

*E. C. Roach* for appellee.

ROBINSON, J.—The note in suit was dated the
twenty-fifth day of March, 1891, is for the sum of one
hundred and twenty-five dollars, with interest
thereon at the rate of eight per cent. per
annum, and was made payable to Wilka.  It
contained a provision giving any justice of the peace

before whom suit might be brought, jurisdiction of it, and also the following: "The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and non-payment of this note, and suit against the maker." The note was transferred to the plaintiff by a blank indorsement made by Wilka. He filed an answer in the district court, in which he alleged that when he indorsed the note to the plaintiff it was orally agreed between them that the defendant should not be liable on the note, that his indorsement was merely for the purpose of transferring the note, and that the plaintiff should look to the makers of the note alone for payment.

I. The appellee has filed a motion to strike from the record the appellant's assignment of errors on the ground that it is too indefinite to conform to the statute. The only point urged by the appellant is that the effect of the blank indorsement of such a note as that in suit cannot be defeated by proving a contemporaneous verbal agreement that the indorser should not be liable on the note by reason of the indorsement. We need to consider but one of the errors assigned, and that is as follows: "The court erred in giving the first division of paragraph 2 of its instructions to the jury." The paragraph specified was duly excepted to at the time it was given. The first paragraph thereof is as follows: "It appears from the evidence that the defendant, Wilka, sold and transferred the note in controversy to the plaintiff, and wrote his name across the back of said note. Now, if you find from the evidence before you that at the time Wilka wrote his name on the back of the note, and transferred same to the plaintiff, it was agreed between Wilka and the plaintiff that he should so do for the purpose of transferring the note to plaintiff, and that plaintiff would not hold him liable on said note, but would look to the signers of said note

alone for payment thereof, or substantially so agreed, then you will find for the defendant." The assignment designated the particular part of the charge which was claimed to be erroneous, and was sufficient, under numerous decisions of this court. It was not necessary to state in what respect the paragraph was claimed to be erroneous. *Sherwood v. Snow*, 46 Iowa, 482; *Wood v. Whitton*, 66 Iowa, 300 (19 N. W. Rep. 907, and 23 N. W. Rep. 675); *Hammer v. Railway Co.*, 70 Iowa, 624 (25 N. W. Rep. 246); *Hathaway v. Insurance Co.*, 64 Iowa, 231 (20 N. W. Rep. 164); *Clark v. Ralls*, 50 Iowa, 279; *Schaefert v. Railway Co.*, 62 Iowa, 629 (17 N. W. Rep. 893). The appellee relies upon a paragraph contained in *Koenigs v. Railroad Co.*, 98 Iowa, 569 (65 N. W. Rep. 315), as announcing a different rule, but the paragraph was stated to be the view of the writer of the opinion only, and nothing decided by the opinion is in conflict with the conclusions we reach, nor with the rule of practice heretofore approved by this court. Applying that rule to the assignment in question, we must hold it to be sufficient.

II. In the case of *Bank v. Sigstad*, 96 Iowa, 491 (65 N. W. Rep. 407), we considered the effect of the blank indorsement of a promissory note made by the payee thereof. The note contained the following provision: "The makers, indorsers, and guarantors of this note    *    *    *    hereby waive presentment of payment, notice of non-payment, protest, and notice of protest, and due diligence in bringing suit against any party thereto." We held that the defendant Bangs, who was the payee of the note, by his blank indorsement, became absolutely liable for the payment of the note in case the makers did not pay it, and that he could not show, as against the indorsee, nor against any holder of the note, even though he had taken it with knowledge of the facts, that when the indorsement

was made it was verbally agreed between himself and the indorsee that he should not be bound by the indorsement. The provision of the note upon which that decision depended was, so far as it relates to the question we are now required to determine, the same, in legal effect, as that contained in the note in suit which we have set out; and under the rule of that case the portion of the charge given to the jury in this case which we have quoted was erroneous. Neither of the cases of *Truman v. Bishop*, 83 Iowa, 697 (50 N. W. Rep. 278), and *Harrison v. McKim*, 18 Iowa, 485, relied upon by the appellee, involved a note which contained a provision in any respect like that which was controlling in the case of *Bank v. Sigstad, supra,* and in this case, and the contracts of the indorsers were therefore not fully expressed by the indorsements in blank. For the error in the charge pointed out, the judgment of the district court is REVERSED.