FIRST NATIONAL BANK OF PERRY, Appellant, v. E. F. SWEENY et al., Appellees.

**BILLS AND NOTES:** Indorsement—Blank Indorsement—Material Alteration. The act of converting a blank indorsement into a special indorsement is proper so long as the indorser's liability is not increased, but the unauthorized insertion in such special indorsement of a guaranty of payment of any *renewal* of the note (no such provision otherwise appearing in the note) constitutes a material alteration and releases the indorser.

Headnote 1: 2 C. J. pp. 1212, 1213; 8 C. J. pp. 360, 361.

Headnote 1: 3 R. C. L. 982.

*Appeal from Dallas District Court.—*W. S. COOPER, Judge.

FEBRUARY 15, 1927.

Action on a promissory note. From a verdict in favor of defendants plaintiff appeals.—*Affirmed.*

*Harry Wifvat,* for appellant.

*George J. Dugan* and *D. H. Miller,* for appellees.

ALBERT, J.—E. F. Sweeny and wife defaulted, and judgment was entered against them accordingly. Oleen defended.

On the 2d day of March, 1920, Sweeny and wife made three promissory notes, payable to John Oleen, one for $1,500 and two for $1,000 each. The notes were in the usual form, and each included the following statement:

"Indorsers and guarantors waive demand of payment, protest and notice of protest of this note. * * * The makers, indorsers and guarantors consent that time of payment may be extended without notice."

Each of said notes was due twelve months from date. About the 1st day of May, 1920, these notes were disposed of by Oleen to one W. O. Nelson, who was the fiscal agent of the People's Oil & Gas Company, and on that date Oleen indorsed his name on the back of each of said notes. Nelson took the notes to appellant herein, and sold them for the face value. Later, at the time the notes became due, the bank took renewals for these notes from the Sweenys, making the same payable directly to the bank. At this point, it is insisted by the bank that they never accepted these renewal notes in lieu of the original notes, because Oleen did not indorse the renewal notes. After this, there were several other renewal notes taken by the bank from Sweeny, representing this same indebtedness, and Oleen at all times refused to sign any of said renewal notes. This action is based on the original notes. On the back of each of the $1,000 notes, above the indorsement of John Oleen, appears the following, stamped thereon with a rubber stamp:

"Pay to the order of the First National Bank of Perry, Iowa, and for value received I hereby guarantee the payment of

the within note or any renewal of the same, waiving demand, notice and protest.''

No question is raised as to the negotiability of the note in question in this case, nor is the same material, if there was a material alteration.

It is the claim of Oleen that this statement preceding his indorsement was not stamped on the back of the note at the time he indorsed the same, and that it was never placed there with his consent. He therefore says that this was a material alteration of the instrument, which should result in his release. There is no evidence in the case to show that this stamped statement preceded Oleen's name on the note at the time the notes were delivered by Oleen to Nelson. In fact, all the evidence on this question is to the point that Oleen's indorsement was a blank indorsement. The court, by a proper instruction, submitted the question to the jury for determination as to whether or not this stamped indorsement on the back of the notes, preceding Oleen's name, was there at or prior to the time he indorsed the same. While, under the state of the record, the court might have been warranted in determining this question as a matter of law, yet, since it was submitted to the jury, and the jury found for Oleen, appellant is not in a position to complain.

This hardly determines the real question, however, which underlies this proposition: that is, Was the stamping of that indorsement on the back of these notes such an alteration as would release Oleen?

Analyzing the contents of this stamped indorsement and taking it in the reverse order, we find that the first thing provided is for waiver of demand, notice, and protest. This cannot in any way affect the liability of John Oleen, because practically the same language was provided in the body of the note in which he was payee. Second, it is provided: ''I hereby guarantee the payment of the within note.'' That this does not in any way affect him has already been determined by us in the case of *Iowa Valley St. Bank v. Sigstad*, 96 Iowa 491.

Lastly, it is provided that he guarantees the payment of any renewal of the within note. This is an added liability, which was not provided for in the original note. The question is whether or not this is such a material alteration of the instrument as will release Oleen.

Section 9495, Code of 1924, provides:

"The holder may convert a blank indorsement into a special indorsement by writing over the signature of the indorser in blank any contract consistent with the character of the indorsement."

We held, in *Belden v. Hann*, 61 Iowa 42, that the writing of the guaranty over the blank indorsement was such an alteration of the instrument as would void liability on the part of the indorser.

The general principle, as we understand it, is that, where there is a blank indorsement, the holder may insert above said indorsement anything that is consistent with the indorser's liability as it then exists, but he cannot insert any words which will prejudice the rights or increase the liability of the indorser. 8 Corpus Juris 360, Section 539; *Robinson v. Reed*, 46 Iowa 219.

Section 9586, Code of 1924, defines material alteration as follows:

"Any alteration which changes:

"1. The date;

"2. The sum payable, either for principal or interest;

"3. The time or place of payment;

"4. The number or the relations of the parties;

"5. The medium or currency in which payment is to be made;

"Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

We cannot see how we can avoid the conclusion that, under these rules, and the last part of the above-quoted section, the change in this indorsement, by adding liability on renewal notes, cannot be held other than a material alteration. This liability did not exist at the time Oleen made his blank indorsement on the notes and delivered them to Nelson. There is nothing to show that he ever consented to such added liability, and therefore the jury was right in finding that he was not liable on these two notes.

Another defense made as against all three notes is that the bank accepted new notes, signed by the Sweenys and payable directly to the bank, in lieu of the notes sued on herein. If it

did this, the general rule is that this would release the indorser on the old notes, provided that it was not done with the consent of the indorser. 8 Corpus Juris 431. It was a disputed question of fact, under the record in this case, whether or not the renewal notes were taken in lieu of or in satisfaction of the original notes, and also as to whether Oleen consented to such renewal. Both of these questions being disputed questions of fact, they went to the jury.

We have read this record, and under it the case was properly sent to the jury, and there is sufficient evidence in the record to support the finding of the jury.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.